J. and J. JACKSON v. N. and J. WADDILL.

Covenant lies on a promise under seal to pay a sum certain, to be discharged in good current bank notes.

JAMES and JOHN C. JACKSON, brought, in the Circuit Court of Franklin county, an action of covenant against Noel and John C. Waddill, to recover on an obligation under seal, whereby they promised jointly and severally to pay to "Nathaniel P. Russel, his heirs or assigns, the sum of two hundred dollars, *to be discharged in good current bank notes,*" and which was assigned to the plaintiffs. To the declaration, which was in the usual form, the defendants demurred; and at the April term, 1827, the demurrer was sustained, and judgement given for the defendants, on the ground that covenant could not be sustained on this instrument.

HOPKINS, for the plaintiffs, assigned for error, "that the demurrer was wrongfully sustained," and submitted the cause.

COALTER, for the defendants.

## By JUDGE TAYLOR.

COVENANT is a remedy calculated for the recovery of *damages* for the breach of a contract under seal. [a] The declaration in this case sets out a contract under seal, which it avers has been broken by the defendants; then covenant certainly might be sustained on this instrument, even were it admitted that a specified sum was payable by it, for damages might be recovered for the breach of it. In that case, it is true, the law would define the amount of the damages, viz, the sum agreed to be paid, with legal interest thereon, but this certainly could not vary the case. There are many instances in which debt and covenant are concurrent remedies; see 1 Chitty's Pleading 110 and 111. We are there also informed, that an action of covenant has been sustained on a bond, though debt is the usual remedy.

But this is an instrument on which I think the action of debt could not be supported. It is not an alternative

[a] 1 Chitty's pp 109.

JULY 1828.

J. & J. Jackson
v.
N. & J. Waddill.

promise by the defendants, but a positive stipulation to pay current bank notes; for certainly there can be no difference in an undertaking to pay two hundred dollars, "to be *paid* in current bank notes," or "to be *discharged* in current bank notes." In either case it is precisely determined that payment is to be made in current bank notes, and it would be necessary, under former decisions of this Court, that a jury should determine what damages the plaintiffs have sustained by the breach of the covenant; and the measure of those damages would be the value of two hundred dollars of current bank paper in specie, at the time the instrument matured, with interest thereon.

On the last point, a majority of the Court are with me, but we unanimously agree that the action is not misconceived.

Reversed and remanded.

JUDGE CRENSHAW not sitting.