LOGAN, ADM'R. V. BARCLAY.

1. A proceeding against a constable, by motion, for failing to make money upon an execution, when he could have done so by the use of due diligence, can not, after the death of the constable, pending the motion, be revived against the administrator, because the revival of the suit is not provided for by statute.

Writ of error to the Circuit Court of Coosa county.

THIS suit was commenced in the Circuit Court, against James M. Logan, by motion, setting forth that he, as constable, received two executions in favor of the plaintiff, against Martin L. Daniel, on which the said Logan failed to make the money, as required by the mandate of the executions, which he might have made by the use of due diligence. The notice of this motion is dated the 13th February, 1839, but there is nothing in the record showing any service.

At the March term, 1840, the death of the defendant was suggested, and a *sci. fa.* ordered to issue to John Logan, his administrator. This was executed on the administrator on the 4th of July, 1840, and on its return, he was made a party to the suit, and the cause continued.

At the next term, the plaintiff filed a suggestion, setting out the same cause of action as stated in the notice, and to this the administrator demurred. The Court overruled the demurrer, and the administrator then pleaded the statute of non-claim, setting out his appointment as administrator on the 21st October, 1839; that publication was made according to law, and that the demand was not presented to the administrator within eighteen months, as required by law.

The plaintiff demurred to this plea, and the Court sustained the demurrer. Issue was then joined on the suggestion, and a verdict returned for the plaintiff, on which judgment was rendered.

The defendant now prosecutes his writ of error, and insists that the Court erred in reviving the suit, it not surviving by law, and also in overruling the plea of non-claim.

23

Morriss, for the plaintiff in error, relied on the want of any statute, authorising the revival of such a suit.

Baylor, contra, insisted that the securities of the constable would be liable for this misfeasance, and when a recovery was had by the plaintiff against them, they, in their turn, could have an action against the administrator. If such a result could be thus produced, no good reason could be given for not permitting the plaintiff at once, to go against the administrator.

GOLDTHWAITE, J.—The decision of the chief question involved in this case, is somewhat important, inasmuch as it will affect the course of proceeding in a large class of cases.— Motions for summary judgments, although they partake much of the character of suits, are unknown to the common law, and must therefore, be entirely governed by the several statutes which authorise this mode of procedure. The one which warrants the motion we are now considering, in addition to giving a new remedy for a common law liability, inflicts a penalty beyond it. If we were doubtful, with respect to the power of the Court to mould the practice so as to conform to the common law, in cases where no additional liability was superadded, we can have none in such a case as this, because the plaintiff would not be entitled to the statutory penalty, if he pursued his remedy by the ordinary mode of suit. In most of these summary proceedings against officers for a neglect of duty, the plaintiff might have case or *assumpsit*, at his election, and if he elected the former mode of action, he would not be entitled to revive his suit, although he might so have brought his action as to proceed against an administrator.

So, likewise, it cannot admit of question, but the party plaintiff might pursue the sureties for the neglect of the principal, and they, in case of payment, would be entitled to indemnity from his estate.

Yet, none of these cases warrant the revival of suits unknown to the common law, and in the absence of particular statutory regulations, authorising such revival.

Hence we conclude, that there was error in making the administrator a party in this cause, by a revival of the suit.

This conclusion renders it unnecessary to examine the other point, respecting the plea of the statute of non-claim.

Let the judgment be reversed.