## HILL v. RUSHING AND WOOD.

1. An action of covenant may be maintained on an attachment bond.
2. In assigning the breaches in such an action, if the damages alledged to have been sustained exceed the penalty of the bond, it is proper to assign the non-payment of the penalty: if they do not amount to as large a sum as the penalty then the breach will be the non-payment of the damages actually sustained.
3. Actions upon attachment bonds are governed in all respects by the rules applicable to actions on the case for wrongfully suing out attachments, but the recovery never can exceed the penalty of the bond.

WRIT of Error to the Circuit Court of Benton county.

Action of covenant on an attachment bond conditioned to prosecute a certain suit, therein described to effect, and to pay all such costs and damages as the defendant in the attachment (the plaintiff in this suit,) should sustain by its being wrongfully or vexatiously sued out.

The declaration sets out the bond and condition, and then avers that the attachment was sued out without any good and sufficient reason, and for wrongful and vexatious purposes—and furthermore, that it was void for the want of a sufficient affidavit. It then proceeds to aver that the plaintiff has sustained damages to a specific amount by reason of his slaves having been levied on by the said attachment, and kept from him for the space of —— days. Also in his having been compelled to pay costs and employ counsel to defend himself from the said attachment, and to regain possession of his slaves— and also in his credit, which has thereby been greatly injured. The aggregate of these several items of damages exceeds the penalty of the bond, and it is averred that the defendants had due notice of all the said damages and costs.

The declaration then concludes with the following averment of the breach of the condition : " Yet the said defendants have not kept their covenant and undertakings, but have broken the same in this, that they have not paid to the plaintiff the sum of sixteen hundred dollars, (i. e. the penalty of the bond,) nor has the said Rushing, (the plaintiff in the attachment,) prosecuted his said attachment to effect—nor has either of the said defendants at any time paid to the said plaintiff such costs and damages as he has sustained by the wrongful and vexatious suing out of the said attachment—but so to do they have hitherto wholly failed and refused, and still refuse, to pay the plaintiff's damages of two thousand dollars."

The defendants demurred to this declaration and the Court sustained the demurrer. To reverse the judgment rendered thereon in favor of the defendants, the plaintiff prosecutes this writ of error.

CHILTON, for the plaintiff in error.
STONE, contra.

GOLDTHWAITE, J.—In the case of Herndon v. Forney, at the present term, we determined the principal question arising in this case, in favor of the plaintiff in error. The only differences between this case and that are that this is an action of covenant, and that here the breaches of the condition of the bond are assigned in the declaration.

1. We cannot perceive that any substantial reasons exist against allowing the action of covenant in such a case as this, when the plaintiff chooses to select it in preference to the action of debt. In either case, under our practice, he must assign breaches, and can only recover the actual damages made out by the evidence.

2. With respect to the breaches, we think they are substantially good. It will be seen that the aggregate of the damages alledged to have been sustained, exceeds the penalty of the bond, therefore it was not improper to confine the averments with respect to the non-payment of damages to the amount of the penalty. It would be proper, in a case where the damages alledged to have been sustained do not amount to the penalty, to alledge the breach in the non-payment of the damages thus

shown to have been sustained, as this the condition of the bond.

· We may remark further, that the effect of our decision in the case of Herndon v. Forney, as well as the one now pronounced, is, that whenever the defendant in an attachment selects his remedy on the attachment bond in preference to his action on the case against the plaintiff in the attachment, for wrongfully or vexatiously suing it out, the former suit is to be governed, in all respects, by the rules applicable to the action on the case, except the recovery, which of course cannot exceed the penalty of the bond.

This leads to the conclusion that the judgment of the Circuit Court, on the demurrer, is erroneous.

Let it be reversed and the cause remanded.