## BLEVINS vs. BLEVINS.

The action by petition and summons will only lie on instruments for the direct payment of money.

It will not lie on an instrument acknowledging a debt to be due, and stating that it is to be paid out of the proceeds of a particular security, placed in the hands of the creditor.

A note must be for the direct payment of money. The payment must be absolute, and not contingent, either as to the amount, credit, fund, or person.

THIS was a petition in debt, determined in the Hempstead Circuit Court, in April, 1842, before the Hon. WILLIAM CONWAY B., one of the Circuit Judges. Hugh A. Blevins sued on the following instrument of writing:

" Due H. A. Blevins, five hundred and twelve dollars. I have left with him one note on Johnson, for five hundred dollars; one on Gibbins, for two hundred dollars. He is to collect and pay himself, and pay Blackburn fifty dollars, and settle with Trapnall.

DILLON BLEVINS."

D. Blevins appeared, and filed his demurrer to the petition, in which he set out his causes of demurrer. The Court overruled the demurrer, and rendered judgment for the plaintiff. The case came up on error.

*Trimble*, for the plaintiff in error. A suit by petition and summons, cannot, under the statute, be maintained on the instrument of writing exhibited in the petition. The statute is: " any person, being the owner or holder of any bond, bill, or note," &c. See *Rev. St.* 152. The words *bond, bill, or note*, are technical words, and refer to bonds, bills, or notes, as recognized by the common law, enlarged only in the circumstance that they may be for money or property, but in no other respect. This is not a note. See *Chitty on Bills*, 150. The instrument sued on is an acknowledgment of a debt, with a contract that it should be liquidated in a particular manner, and out of particular

funds; and the plaintiff was bound to aver and prove that the particular fund had failed before he had a right to resort to a different mode of payment than that specified in the contract. See *Chitty on Bills*, 152; 1 *Bibb*, 352. 4 *Bibb*, 252.

This was a debt acknowledged; but the subsequent part shows a contract between the parties that it should be paid in a particular manner, or out of a particular fund. The plaintiff agreed to receive it in that fund; and, until he shows that that fund failed, he has no right of action on the acknowledgment.

*By the Court*, DICKINSON, J. It has been ruled, in this Court, that petition and summons will only lie for the direct payment of money. This is certainly not a note of that character. The whole of the agreement must be taken and construed together, for it is one entire contract. It is simply an acknowledgment of a debt due, to be paid out of a particular fund, placed in the hands of the creditor for that purpose. The legal definition of a note is, "the agreement for the direct payment of money." "The payment," says *Chitty on Bills*, at *page* 152, "must be absolute, and not contingent, either as to the amount, credit, fund, or person." The principle here stated decides the point before this Court. The fund being contingent, out of which the debt was to be paid, the plaintiff had no right of recovery, unless he averred and showed that the fund had failed, or was inadequate to the payment. The demurrer to the declaration was, therefore, improperly overruled; and, for this reason, the judgment must be reversed, with costs.