## DUMES, ADM'R, v. McLOSKY.

1. The act of 17th January, 1834, authorising a distress for rent in the city of Mobile, does not justify the rendition of a general judgment against the tenant, but merely a condemnation of the goods distrained. The proceeding is authorised only against the tenant, and will not lie against his administrator.

ERROR to the Circuit Court of Mobile.

This was a distress for rent, in the city of Mobile, commenced by the defendant in error, against the plaintiff in error, as administrator of Edmund Bacon, deceased.

Affidavit having been made by the defendant in error, that Bacon was indebted to him for the rent of a house in Mobile, in the sum of five hundred dollars, and that the plaintiff in error was his administrator, the justice issued a distress warrant, directed to the sheriff, and returnable to the circuit court. Upon this, the sheriff returned, that he had levied the warrant upon certain goods, which are described, and that by the directions of the plaintiff, he had left the goods in the possession of Bacon, as his bailee.

The plaintiff filed his declaration in debt, and the defendant having made default, a judgment was rendered for five hundred dollars debt, two hundred and twenty-four dollars forty-nine cents, damages, besides costs, "to be levied of the goods and chattels, &c. which were of the said Edmund Bacon, at the time of his death, in the hands of the said Dumes, to be administered, if so much he hath in his hands, to be administered; if so much he hath, not, then the debt, damages and costs to be levied of the proper goods and chattels, lands and tenements of the defendant."

From this judgment, the defendant prosecutes this writ, and assigns for error,

1. That said proceedings were commenced against an administrator.

2. That six months had not elapsed when the suit was commenced.

3. That a final judgment was entered without the intervention of a jury.

4. That a judgment is entered *de bonis propriis*.

GIBBONS, for the plaintiff in error.

STEWART, *contra*.

ORMOND, J.—This proceeding is upon a statute applicable only to the city of Mobile, passed 17th January, 1834; "that whenever any landlord, his agent, or attorney, shall make complaint, on oath, to any justice of the peace, in the city of Mobile, that any person is indebted to him for the rent of any tenement within the corporate limits of the city, and shall enter into bond and security in four times the amount of the rent alledged to be due, conditioned to pay the defendant all costs and damages for the wrongful suing out of the warrant hereinafter mentioned, it shall be lawful for the justice of the peace to issue his warrant, returnable before him, not less than four, nor more than ten days from the time the warrant shall be issued, directed to any constable of the city, requiring him to seize, and to take into his possession any goods and chattels which may be found in the tenement for which the rent shall be due, and the constable shall keep the goods and chattels so seized, to answer the judgment which may be rendered by the justice of the peace in the case, unless the debt shall be sooner paid, with all costs, and the justice on the return of the warrant shall proceed and render judgment according to the merits of the case."

It was also provided that the defendant might replevy the property by entering into bond, and that upon failure to deliver the property, the bond should have the force of a judgment.

The 2d section requires the warrant to be made returnable to the circuit or county court, where the sum claimed exceeds fifty dollars.

The remedy given by this act is a proceeding *in rem*—it is a right given to the landlord to condemn any of the defendant's goods found on the premises, for the payment of rent in arrears. No other property of the tenant is subject to the distress than that found on the premises, nor will the judgment operate against any other property of the defendant, than that taken by the distress warrant. It is proper, however, that the judgment should ascer-

tain the amount of rent due, because, if the property distrained is replevied, and not delivered to the officer to be sold in satisfaction of the judgment, an execution issues on the replevy bond for the amount of rent due, as ascertained by the judgment; and also to inform the officer what amount of money to make out of the distress.   The proper judgment of the court is a condemnation of the property levied on by the distress; and no other property of the tenant can be sold by the sheriff, though the goods distrained may be insufficient to satisfy the judgment.

The judgment in this case, not being a condemnation of the goods distrained, but general against the administrator of the tenant, to be levied on any of the goods, lands or tenements, of the deceased, is erroneous.   But there is a more formidable objection than this, to this proceeding, which is, that it will not lie against the representative of the tenant, but must be prosecuted against him individually.   This is a summary remedy, and according to all our decisions upon this class of cases, cannot be extended by construction beyond its terms.   To permit it to lie against the personal representative after the decease of the tenant, would be attended with mischievous consequences, which it is not necessary to enumerate, as the action is not given after the death of the tenant.   [See Logan, adm'r, v. Barclay, 3 Ala. Rep. 361.]

Let the judgment be reversed.