HENRY *vs.* HAZEN.

An accepted draft for the payment of money, on a contingency which *may never hap-pen*, will not support an action against the acceptor; nor is such an instrument a bill of exchange.

Such an instrument is not valid as creating a legal liability against the parties to it, though it is competent evidence of the acceptors liability on a count for money had and received, when connected with proof of the happening of the contingency up-on which he was to pay.

An objection to the sufficiency of proof to establish the issue, cannot operate so as to exclude that proof; the objection being to the sufficiency, and not to the competency.

This was assumpsit, determined in the Crawford Circuit Court, at August term, 1843, before the Hon. R. C. S. Brown, one of the circuit judges. Henry sued Hazen; the declaration contained two counts; the first, a special count on a draft in these words: "Please pay to Jno. Henry, one hundred and thirty dollars, in specie, or its equivalent, as soon as you receive the amount of my acc't of the government, from Capt. Wm. Armstrong." The draft was drawn by M. W. Hutchison on Hazen, and dated 27th August, 1841; Hazen accepted it in these words, "I hereby accept the within, on the with-in conditions, if the acc'ts are not curtailed below my own acc'ts and notes;" the acceptance is dated on the same day. The second count was for money had and received. Oyer was craved of the draft and acceptance, which was granted, and the defendant de-murred to the first count, setting out the draft and acceptance word for word in his demurrer, and assigned for cause of demurrer, that the instrument declared on, was not such as to enable Henry to sue in his own name; that there was no averment in the declaration, that the defendant had received the claim of Hutchison from Armstrong, according to the tenor of the acceptance; that the instrument given on oyer, did not support the declaration, and that the declaration was otherwise insufficient, &c. To the second count, *non assumpsit*, and issue in short, by consent. The demurrer was sustained—a trial of the issue on the second count, and verdict for defendant. On the trial, the plaintiff offered to read the draft and acceptance in evi-dence, but the defendant objected, because it was not pertinent to the issue, and did not support the count for money had and received,

the objection was overruled, and the reading allowed; the defendant excepted, and filed his bill of exceptions. The plaintiff then offered to read a "statement in writing," which was proved to have been in the hand-writing of Hazen, it being a statement of account between Hutchison, the drawer of the draft, and Hazen, whereby Hutchison was charged with various items, in all amounting to $750 50, and credited with his own order on one S. for $100, and by "draft passed by Capt. Armstrong," for $806 80. To the reading of this the defendant objected, and moved to exclude the statement in writing from being read. The motion was sustained; to which the plaintiff excepted, and filed his bill of exceptions. Henry appealed.

*Cummins,* for appellant.

*Paschal,* contra.

*By the Court,* SEBASTIAN, J. The demurrer to the first count in the declaration was well taken, and properly adjudged by the court to be good. The instrument set out in that count, and declared on as a "bill of exchange," was not such within the meaning of our statutes on that subject, or by the rules of the law merchant. The payment of the sum of money for which it was drawn, depended upon a contingency which might *never happen;* and in such cases, when the payment depends upon any contingency as to the event, fund, or the parties by, or to whom, it is to be made, the character of the instrument as a bill of exchange is destroyed. *Chit. on Bills,* 154. *Roberts vs. Peake,* 1 *Burr.* 323. *Blevins vs. Blevins,* 4 *Ark. Rep.* 441. That no action will lie upon a bill or draft as *such,* unless strictly so by the common law, was decided by this court during the present term, in *Hawkins vs. Watkins.* Such an instrument, although not valid as creating any legal liability against the parties to it, is yet competent written evidence of the acceptor's liability, under the count for money had and received, in connection with other proof to establish the happening of the contingency, upon which the acceptor was to pay. It was a part of the plaintiff's case, and was properly read to the jury. The issue was, whether the defendant had re-

ceived money which, in equity and good conscience, belonged to the plaintiff, and any evidence to prove the receipt of the money by defendant, was competent. For this reason the statement of the account between Hutchison and Hazen, in Hazen's own hand-writing, was competent evidence, and ought to have gone to the jury, with the declarations of defendant, which were introduced by plaintiff as admissions, and the whole have been considered together for what it was worth. The objection was only to the sufficiency of the proof, and not to its competency. It was a good acknowledgment of the receipt of the money, unless contradicted or explained. Had it gone to the jury, the plaintiff might have disproved the declarations relative to it by defendant, by other testimony; or the jury might have believed the statement in writing, and disbelieved his explanation or verbal contradiction of it. In rejecting this testimony, the circuit court therefore erred. The judgment of the court must therefore be reversed, and the cause remanded, with instructions to grant a new trial, and proceed therein according to law.