# NORTH v. ESLAVA.

1. The act of 30th January, 1840, for the collection of rents in the city of Mobile, does not differ from the general attachment law, as it, in effect merely authorizes a suit to be commenced by attachment, for the recovery of rent in the city of Mobile, and is to be governed by the same rule as other suits commenced by attachment.

2. Upon an agreement under seal for the payment of $324, in monthly in-

stalments of $27, covenant will lie for any of the instalments, as they fall due; but a declaration which counts for a part of a month not due, and also for the residue of the unexpired term, is bad on demurrer. Whether debt would lie before all the instalments are due—*quere.*

Error to the Circuit Court of Mobile.

This was a proceeding to recover rent, by the defendant in error, under a local statute, peculiar to the city of Mobile.

The affidavit which is the foundation of the proceeding, was made by G. M. Mallet, setting forth, that the plaintiff in error was indebted to the defendant in error, in the sum of $163, for the rent of a tenement on Royal street, within the corporate limits of Mobile. A bond was executed by Eslava, payable to North, with surety, reciting that he had prayed for a warrant of distress, and with condition to pay all such costs and damages, as he might recover for the wrongful or vexatious suing out of the distress. The justice of the peace thereupon issued a distress warrant, which was levied on certain articles of personal property, which were replevied by the defendant, who entered into bond, with condition to have them forthcoming to abide the judgment. The plaintiff counted upon a lease under seal, and the defendant failing to appear and plead, a judgment by default was rendered against him, and the damages assessed by a jury to $252 51, for which judgment was rendered.

The defendant now assigns for error—

1. The insufficiency of the affidavit.

2. The irregularity and insufficiency of the warrant.

3. The insufficiency of the declaration.

4. That the verdict and judgment are erroneous.

5. That the replevy bond does not conform to the statute.

6. That the defendant had no notice, and was not in default.

G. N. Stewart, for plaintiff in error.
Jarnagin, contra.

ORMOND, J.—In Dumes v. McCloskey, 5 Ala. 239, we considered the effect of a statute precisely similar, in all respects to this, except that in the former act, passed in January, 1834, a levy was authorized to be made on any goods, found within the tenement, whilst in this, passed 30th January, 1840, the levy is confined to the goods of the defendant. Both these acts are local, applying only to the city of Mobile, and authorize an attachment to be levied on the goods of the tenant, found on the leased premises, for the payment of rent in arrear.

In the case previously referred to, we held that this was a proceeding *in rem*, and that the judgment was not general against the defendant, but operated only on the property attached. This point was not necessary to be decided in that case, as it went off upon the ground, that the suit was improperly brought against the representative of the tenant, and further reflection has satisfied us, the view then taken of the statute was incorrect.

We do not perceive any reason why suits commenced under this statute, should differ from those brought in virtue of the general attachment law. The manifest design of ths statute was, to give the landlord a *lien* upon the goods of his tenant, found in the tenement, when levied upon, unless replevied, and requires him to substantiate his right to sell the goods attached, or to have execution upon the replevy bond, by obtaining a judgment against the tenant. It is then, in effect, merely a suit commenced by attachment, for the recovery of rent in arrear, and in this aspect, we will now consider the errors assigned.

We do not perceive any defect in the affidavit, warrant, or bond, but we may dismiss the inquiry by merely adverting to the decisions of this court, that such objections must be made in the court below, by plea in abatement, and cannot be made in this court on error. [Jones v. Pope, 6 Ala. 154, and cases there cited.]

We have seen, that this is a suit commenced by attachment, for the recovery of rent in arrear, it follows that upon return of the process, it was necessary the plaintiff should alledge his cause of action. This has been done in this case,

North v. Eslava.

by declaring upon the covenant entered into for the payment of the rent. It is objected, the party should have declared in debt, but if debt would have lain in this case, it is clear covenant could also be maintained. The agreement as set forth in the declaration, is for the payment of the sum of $324, in monthly instalments of $27. It may perhaps be well doubted, whether debt would lie, until the expiration of the year, but there can be no doubt covenant could be maintained. [Dean and Chapter of Windsor v. Gover, 2 Saunders, 303.]

The declaration also proceeds to alledge, that ten months, and eleven days of the rent, was due and in arrear, at the time of the commencement of the suit, amounting to the sum of $163, and that the further sum of $81 is due upon the covenant. It was proper, as we have seen, to declare in covenant, for any of the instalments due at the time of the commencement of the suit, but the plaintiff could not count upon a part of a month, as the rent was not due until the expiration of the month. It is equally clear, he could not demand the residue of the unexpired term of the rent, in this action, as it was not due at the commencement of the suit, and if objection had been taken to the declaration for this cause, by a demurrer, it should have been sustained. It is also available on error. Our statutes of *jeofails*, only cures defects of form, unless after verdict, when a material issue has has been tried. [Turner v. Brown, 9 Ala. R. 866 ; Kent v. Long, 8 Id. 46.] This judgment was by default, and therefore not aided by the statutes, being matter of substance, and not form merely.

Judgment reversed, and cause remanded.