## Foster *v.* Westmoreland & Trousdale.

### *Attachment for Rent.*

*Landlord's remedy for collection of rent; who cannot pursue.* — The statutory provisions giving the landlord a lien on crops grown on the rented premises, and a remedy by attachment, to be levied on the crop, &c., cannot be pursued by one to whom he transfers the rent note.

APPEAL from Law and Equity Court of Lawrence.

Tried before WM. COOPER, Esq., an attorney of the court, the presiding judge being incompetent.

The payee of a note executed by appellant for rent of land transferred it by written indorsement to the apppellees Westmoreland and Trousdale. They, on the ground that appellant had removed a portion of the crops grown on the rented premises, without the consent of the landlord, sued out an attachment which was levied on cotton grown on the premises. The appellant filed several pleas in abatement, alleging in substance that he was not and never had been tenant of the plaintiffs; that the plaintiffs at the time of suing out the attachment were not his landlords, and that they were mere assignees of the rent note. The court sustained a demurrer to these pleas, and on the trial permitted the indorsement on the note to be read in evidence to the jury. The appellant having duly excepted now assigns these rulings as error.

E. H. FOSTER and WATTS & WATTS, for appellant. — The remedy is purely statutory; is in derogation of the common law, and must be confined to the particular cases mentioned in the statute. Brickell Digest, p. 469, § 6, vol. 2.

O'NEAL & PHELAN, *contra.* — The object of the statute is to secure the rent to whomsoever due. If this landlord's transferee

[McGehee v. State.]

has not the rights he had, the rent note loses greatly its value. See *Fielder & Sessions* v. *Simmons*, 46 Ala., and cases cited.

JUDGE, J. — The provisions of the Revised Code which give to the landlord a lien on the crop for the year's rent and a remedy for its collection, by the levy of an attachment on the crop, authorizes the remedy in favor of the landlord alone, and it will not lie in favor of the assignee or transferee of the debt. The remedy given by the statute is a proceeding *in rem ;* and being exclusively statutory, the statute giving it will not, by construction, be extended beyond its terms. *Dumas, administrator*, v. *McLoskey*, 5 Ala. 239.

The rulings of the court below having been in conflict with this opinion, the judgment must be reversed and the cause remanded.