# Lehman, Durr & Co. *v.* Bibb.

### Trover for Conversion of Cotton Bales.

1. *Sufficiency of exception to refusal of charges asked.*—When the bill of exceptions states that "the defendants requested the court to give *each* of the following charges in writing," setting them out, "but the court refused to give *either* of said charges, and *to such refusal* the defendants excepted," the exception brings up for revision the refusal of each one of the charges, as if a separate exception had been reserved to each.

2. *When misrepresentations do not constitute fraud.*—A misrepresentation by the transferree and holder of a note given for rent, asserting a legal right in himself to enforce the landlord's statutory remedies for its collection as against a sub-tenant, if honestly made, is not a fraud which will vitiate a settlement between the parties as to their legal rights, made under this mutual mistake.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. James Q. Smith.

This action was brought by Allen Bibb and Lindsay Bibb against Lehman, Durr & Co., warehouse-men in the city of Montgomery, to recover damages for the conversion of two bales of cotton, which the defendants had received for storage from one Marx, and which the plaintiffs claimed and demanded of them. The errors assigned are, several charges given by the court below at the instance of the plaintiffs, and the refusal of several charges asked by the defendants.

SAYRE & GRAVES, for appellants, cited *Townsend & Milliken v. Cowles*, 31 Ala. 428; *Lehman, Durr & Co. v. Shackelford*, 50 Ala. 437; *Munroe v. Pritchett*, 16 Ala. 789.

SANFORD & MOSES, *contra.*—The exception to the refusal of the charges asked is general, and not available to the appellants unless all those charges are correct.—*McGehee v. The State*, 52 Ala. 224. On the legal questions presented by the charges given and refused, the rulings of the court were correct.—*Foster v. Westmoreland*, 52 Ala. 223; *Lehman, Durr & Co. v. Shackelford*, 50 Ala. 437; Kerr on Fraud and Mistake, 90, 400, 401, and authorities there cited.

MANNING, J.—The bill of exceptions sets forth, among other things, that appellants, who were defendants in the court below, asked the court, at the trial of this cause, to give "*each*" of four several charges requested in writing, to the jury; "but the court refused to give either of said charges, and to such refusal the defendants excepted." We are of opinion that this brings up for consideration each of said charges severally.

The action *(trover)* was brought to recover damages for the conversion of two bales of cotton, which one Marx had bought, and put in the warehouse of defendants, as his property. The cotton had been raised by the plaintiffs, on land which one Basil had sub-let to them, after himself having taken a lease of it from the owner, and executed his note for the rent to the latter; to secure payment of which rent, the statute gave a lien, called the "*landlord's lien*," on the crops that should be raised on the land that year, and a right to an attachment to enforce the lien. The landlord having transferred this rent note to Marx, he, claiming to be entitled to the benefit of the landlord's lien, went to plaintiffs on the premises, to make an arrangement about the payment of this note of their lessor, Basil. Marx threatened, if no arrangement was agreed on, that to secure payment of the rent note, he would have an attachment levied on the crop of the plaintiffs. In the end, they consented to give up to him two bales

of their crop of cotton, and he accepted them in discharge of his claim against their crops. These were the bales that were delivered to defendants, and are the subject of this suit. There was testimony, about the circumstances of the transaction, which it is not necessary for us to notice here; since it is for the jury to decide, and not this court, whether Marx perpetrated any fraud on the plaintiffs or not. The instructions to the jury that were asked and refused, concerned the duty of the jury in determining whether or not such fraud had been practiced; and as the court was requested to give to the jury each of these charges, and refused to give either of them, if any one ought to have been given, the judgment must be reversed.

After the delivery of the two bales to Marx, this court decided, in *Foster v. Westmoreland* (52 Ala. 223), that the landlord's lien, and right to an attachment, did not pass by the transfer of the rent note to his transferree. The law in this respect has been since changed by statute. Without going into an analysis of the several charges that were asked and refused, we are of opinion, that the third one should have been given. It involves the proposition, that a misrepresentation by Marx of his legal right, as transferree of the rent note, to attach the crops of the plaintiffs, honestly made, in the belief on his part that he had such right, was not a fraud which would set aside a settlement made in the mutual mistake of the parties on this subject. As a general proposition this is true.—See *Townsend v. Cowles*, 31 Ala. 428. The defendants were entitled to the benefit of having the jury instructed accordingly.

For this error, the judgment must be reversed, and the cause remanded.