(86 South. 525)

### ALLEN v. JACOB DOLD PACKING CO.
### (6 Div. 45.)

(Supreme Court of Alabama. Oct. 14, 1920. Rehearing Denied Nov. 18, 1920.)

**1. Frauds, statute of ☞116(5) — To execute contract for a lease for more than a year, agent must be authorized in writing.**

Under Code 1907, § 4289, the authority of an agent to execute a contract for a lease for more than a year must be in writing, for, where the principal contract must be evidenced by a written memorandum, the authority of the agent must likewise be evidenced.

**2. Frauds, statute of ☞118(3) — Telegrams insufficient memorandum to take contract out of statute.**

Telegrams passing between an agent and his principal were insufficient memoranda to take the case out of the statute, where they did not express the agreement.

**3. Trover and conversion ☞1 — "Conversion" to sustain trover must be some unlawful interference.**

"Conversion" which will sustain trover must be a destruction of plaintiff's property or some unlawful interference with his use, enjoyment, or dominion over it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

**4. Bailment ☞16—Appropriation of property by bailee's agents conversion.**

Although a bailee would not be liable in trover because the bailed property was stolen, yet where the bailee's agents negligently and carelessly used bailed property in filling orders for their principal, the bailee is liable for the conversion.

**5. Appeal and error ☞1010(1)—Finding sustained by evidence not disturbed.**

Where testimony delivered ore tenus sustained the finding of the trial court, such finding will not be disturbed on appeal.

Appeal from Circuit Court, Jefferson County.; John C. Pugh, Judge.

Action by E. P. Allen against the Jacob Dold Packing Company, begun by attachment. From a judgment for the defendant on certain counts plaintiff appeals, and from judgment for plaintiff as to certain counts defendant appeals; each party filing a cross-appeal. Transferred from court of appeals under section 6, Acts 1911, p. 450. Affirmed as to both direct and cross appeals.

The first count claims for breach of contract to lease plaintiff a storehouse from June 10, 1918, to July 1, 1924, at and for the sum of $175 per month, and that by reason of the breach of the agreement and the refusal to enter into the lease plaintiff was compelled to lease another store at and for the sum of $225 per month.

Counts 4 and 6 set up an agreement for sale of business and lease of storehouse by the Jacob Dold Packing Company, to E. P. Allen, and its breach and claim damages as in count 1.

Count 5 is as follows:

Plaintiff claims of the defendant sum of $300 damages for the conversion by it on, to wit, 18th day of June, 1918, of the following chattels: 47 sides of meat, D. S. clear of bellies with packing house No. 104 on them, the property of the plaintiff. It appears that the Jacob Dold Packing Company, had certain fixtures having reference to a packer's business located at a certain storehouse on which they held a lease to July 1, 1924, and that they submitted a proposition in writing to E. P. Allen to sell the fixtures and the lease for a sum certain, which proposition Allen accepted. One Stotler, alleged to be the agent of the Jacob Dold Packing Company, conducted the negotiations for the packing company and signed the various propositions and letters. It was denied by the defendant that Stotler had any such authority, and they raised this question by filing a plea of non est factum, and there was evidence tending to support the plea.

The fifth count was supported by evidence that the plaintiff, Allen, stored in the defendant's warehouse a carload of meat such as is described in the complaint, and that the defendant appropriated and sold 47 sides of the same.

The following is the letter of June 10, 1918:

June 10, 1918.

E. P. Allen & Co., Birmingham, Ala.—Gentlemen: With reference to our conversation to-day, we offer to sell you the following equipment located in our branch at 2315 First Ave., Birmingham, Ala., for the cash consideration of six thousand dollars, ($6,000.00) with the understanding that you will enter into a lease with us for the above location on the terms and for the period of time for which our lease runs, the final expiration date of said lease being July 1, 1924. Upon receipt of your acceptance we will have the proper papers drawn up for the signature of the contracting parties.

Equipment as follows: Pork, beef and D. S. coolers, ammonia compressor with motor, extra motor for compressor, construction, office smoked meat room, electric power wiring, electric fixtures, tracks including track scales, plumbing including water heater, iron runways, all scales excepting springless scales, all trucks excepting metal pork loin trucks, all short and long hook trolleys (about 225 longs, 250 shorts),

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

one typewriter, three desks, one Burroughs adding machine with stand, two safes, all tables, chairs, stools, ink wells, wire baskets, cuspidors, one S column comptometer and one stove.

There may be a few small items which we will also leave rather than ship them back to Wichita, but the above list includes the principal values.

Awaiting your acceptance of this proposition.

Yours truly,

Jacob Dold Packing Company—Stotler.

The following are the telegrams from the packing company to its agent, as referred to in the opinion:

Birmingham, Ala., June 6, 1918.

Jacob Dold Packing Co., Wichita, Kas. Shipping two branch typewriters to Buffalo tonight. Have offer $6,000 cash for inside equipment, excluding Toledo scales, three pork loin trucks. These figures about 70 per cent. against original cost. Buyer to assume lease. Wants reply by Saturday if possible, or first of week sure. What say?

[Signed] J. E. Stotler.

Wichita, Kas., June 7, 1918.

J. E. Stotler, Care Jacob Dold Packing Co., Birmingham, Ala. Buffalo instructs accept inside equipment excluding items mentioned you wire. $6,000.00 cash equaling approximately 70 per cent. of first cost. Buyer to assume lease expect you will try to do better if possible. Try to get White accept the purchaser for the payment rentals until expiration lease. Wire what do.

[Signed] Jacob Dold Packing Co.

Birmingham, Ala., June 7, 1918.

Jacob Dold Packing Co., Wichita, Kas. White will give answer Monday. Offered no objection, but wants investigate before releasing us. [Signed] Stotler.

Wichita, Kas., June 7, 1918.

J. E. Stotler, Birmingham, Ala. Message received. Have transmitted Buffalo. Expect answer tomorrow morning. Will wire you then their decision. To us this looks like a good offer, and have recommended acceptance. Will White accept purchaser for payment rentals or look to us for payment for expiration our lease? Answer.

[Signed] Jacob Dold Packing Co.

6—7—18.

W. C. Glenn, Jacob Dold Packing Co.,Wichita, Kas. Mail me Birmingham lease. Will be Memphis tomorrow then back here.

[Signed] J. E. Stotler.

Wichita, Kas., June 12, 1918. 5:46 PM.

J. E. Stotler, Ja. Dold Pkg. Co., Birmingham, Ala. White has sent us new lease for five years from July 1st, 1919, to June 30th, 1924. Wants us to sign this lease when our lease expires June 30th, 1919. Looks to us like White should make lease with Allen for additional five years. Don't want to be held responsible for Allen's rent after expiration of our present lease. White has inserted clause that would make us responsible until June, 1924. We want to get through with this at expiration

present lease believe you should so advise White and have White make lease with Allen. We will agree to be responsible for rent on present lease but not additional five years. Wire quick if can make this arrangement. If not will take matter up with Buffalo but am sure they will now agree to White's holding us responsible for five years additional.

[Signed] W. F. Dold.

Buffalo, N. Y., June 13, 1918.

J. Dold Pkg. Co., Wichita, Kas. Assume no responsibility Birmingham case after expiration present lease looks to us landlord bluffing.

[Signed] J. Dold Pkg. Co.

Wichita, Kas., June 14, 1918.

J. E. Stotler, Care Dold Pkg. Co., Birmingham, Ala. Answering message Buffalo advises under no circumstances assume any responsibility Birmingham lease after expiration present lease. If White not willing make arrangement with Allen call deal off. What rent per month is White asking Allen for the additional five years providing we don't exercise our option. Wire answer. [Signed] F. W. Dold.

Wichita, Kans., June 6, 1918.

J. E. Stotler, Care J. Dold Pkg. Co., Birmingham, Ala. Answering relative final disposition lease and equipment Buffalo wants us to submit any offers that might received therefore wire us any proposition that you might be able to obtain we in turn will put up to Buffalo by wire they reserving right make final decision. [Signed] W. G. Glenn.

Birmingham, Ala.

W. G. Glenn, Care Dold Pkg. Co., Wichita, Kans. Have closed deal with Allen six thousand on wire authority from Cuff you wire Frank S. White, Jr., Jefferson County Bank Building, Birmingham, early so lease may be closed up as follows: We relinquish our right of option at expiration present lease in favor of a new lease you are making with E. P. Allen & Co. to whom we have sold our equipment in Birmingham sign it Dold.

[Signed] J. E. Stotler.

Wichita, Kans. 8:25 AM.

Frank S. White, Jr. Jefferson County Bank Building, Birmingham, Ala. We relinquish our right of option at expiration of present lease in favor of a new lease you are making with E. P. Allen & Co., to whom we have sold ou equipment in Birmingham.

[Signed] Jacob Dold Packing Co.

Birmingham, Ala. June 13, 1918.

Fred Dold, Wichita, Ks. White will not make lease direct with Allen at our rate. Allen wants our option, if buys equipment. We have two weeks yet to assert option under our contract with White. If not asserted White will look for another tenant. We have landlord lien against equipment in subletting to Allen whether expressed or not with this as security recommend the signing of papers sent you by White and direct yesterday as sale of equipment, same as guarantee fifty percent full rental full lease period. Hurry your final decision much as possible.

[Signed] J. E. Stotler.

David J. Davis, of Birmingham, for appellant.

A corporation is liable for a conversion permitted by its servants or its agent, acting within the line and scope of their authority. 150 Ala. 633, 43 South. 791. Ownership of personal property is a fact to which a witness may testify. 186 Ala. 394, 64 South. 615.

In order to authorize an agent to lease land for more than a year, to comply with the statute of frauds, the writing does not have to specify to whom the lease is made, but may be general, and may be contained in several writings. 106 Ala. 159, 19 South. 59, 32 L. R. A. 127. To assume a lease means to take the obligations, as well as the benefits, thereunder. 44 Ohio St. 287, 7 N. E. 152; 225 N. Y. 189, 121 N. E. 746. The fact that an agent has authority to lease for one year, and limited to that, does not invalidate a lease made by him for a longer period. 108 Ala. 252, 19 South. 318; 109 Ala. 645, 20 South. 333.

Thompson & Thompson, of Birmingham, for appellee.

Where the agent is authorized to enter into a contract which by law is required to be in writing, the agent's authority must also be in writing. Section 4289, Code 1907; 135 Ala. 630, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; 117 Ala. 480, 23 South. 67; 93 Ala. 484, 9 South. 164; 91 Ala. 588, 8 South. 800; 85 Ala. 286, 4 South. 748; 77 Ala. 288. The defendant was not guilty of conversion under the facts in this case. 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789; 114 Ala. 146, 21 South. 468; 61 Mo. 480. A bailee is not liable in trover, if the property is stolen. Authorities supra.

THOMAS, J. The trial was had before the court without a jury, and resulted in a judgment for the defendant on counts 1, 4, and 6 of the complaint as last amended, and in a judgment for the plaintiff on the fifth count as amended.

The suit was by plaintiff for damages against Jacob Dold Packing Company for its failure or refusal to enter into contract with the former for the lease of a storehouse in Birmingham, Ala., as set forth in counts 1, 4, and 6; and, in the fifth count, for conversion of "47 sides of meat D. S. clear bellies with packing house number 104." Defendant pleaded the general issue and non est factum.

A decisive question of the appeal of plaintiff under counts 1, 4, and 6 is whether the writings evidencing the agreement upon which plaintiff must rely for a recovery were sufficient to meet the requirements of the statute of frauds. Code 1907, § 4289; Rains v. Patton, 191 Ala. 349, 67 South. 600; Troy Fertz. Co. v. Logan, 96 Ala. 619, 621, 12 South. 712. The negotiations for the lease—on which said counts rested—on the part of the nonresident defendant were conducted by an agent at Birmingham, who embodied the offer of sale of personal property and option for the lease of the storehouse in a letter of June 10, 1918, signed in defendant's name by said agent at Birmingham. It is without conflict in the evidence that the principal purporting to be bound by the letter did not sign it, though it was written on defendant's stationery and purports to have been written from Wichita, Kan., June 10, 1918. It was written in Birmingham, Ala., and the name of defendant was affixed thereto, by the agent "Stotler." The purported acceptance of the terms outlined in defendant's letter, on the part of the plaintiff, is his letter of June 11, 1918, as follows:

"Jacob Dold Packing Co., Birmingham, Ala.— Gentlemen: We beg to acknowledge receipt of your letter of the 10th outlining our verbal agreement and we wish to advise that same is satisfactory and you may go ahead and have the proper papers drawn up for the signature of the contract in parties. Yours very truly, E. P. Allen & Company. EPA/OC."

The several telegrams of the principal to the agent and his letter, in its name, of June 10, 1918, will be set out by the Reporter in the statement of facts.

The question of agency and liability of the principal has been the source of frequent discussions by the courts. Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 South. 63. Of the proof of agency and the extent thereof, see Roberts & Sons v. Williams, 198 Ala. 290, 73 South. 502.

[1] Should an agent be authorized to enter into such an agreement as that which by law is required to be in writing, or evidenced by "some note or memorandum thereof, expressing the consideration * * * and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing," the authority of such agent must also be by a writing conforming to the statute. Code 1907, § 4289; Thompson v. New South Coal Co., 135 Ala. 630, 634, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; Linn v. McLean, 85 Ala. 250, 252, 4 South. 777; Johnston v. Jones, 85 Ala. 286, 289, 4 South. 748; 1 A. L. R. 1134, n.

[2] Mr. Stotler was directed by Mr. Fred Dold, vice president of defendant company, to go to Birmingham, solicit bids for the disposition of the lease on defendant's storehouse in that city, and submit bids to the Wichita office. Such was the special agency testified to by Dold and Stotler, and it was uncontradicted. That Stotler told plaintiff the extent of his authority is without dispute—this before the letter in question was written by Stotler to Allen, and to which the latter replied the next day. Had Stotler been a general agent, for him to have been legally authorized to enter into a lease of the store-

house for more than a year, or even for a year, to begin at a future date, the authority therefor must have been in writing, pursuant to the statute; otherwise his contract relating thereto would have been void on account of the statute of frauds. The telegrams referred to do not express the agreement containing the consideration subscribed by the parties charged, etc., as required by the statute. The judgment of the lower court against plaintiff on counts 1, 4, and 6 is affirmed.

[3, 4] The cross-appeal of Jacob Dold Packing Company is likewise without merit. The suit on the fifth count was for the conversion of meat with the packing house No. 104, delivered to C. B. McIntyre by defendant's agent in response to McIntyre's order. The evidence shows the location of the plaintiff's meat, with the No. 104, to have been in defendant's storehouse near or next to defendant's refrigerator, in the basement of defendant's premises the subject of the negotiations for the lease, and the conduct of defendant's business as to filling orders for meat was detailed. After all that may be said, the preponderance of the evidence showed a shortage in plaintiff's meat with such number, and substantially a like excess to the defendant; that the latter did not have or handle, at the time this order was filled, meat with packing house No. 104. It is undisputed that the meat delivered by defendant to McIntyre was so branded. We need not further discuss the evidence given before the trial judge without a jury. We have no doubt from the evidence that defendant's agents negligently or wrongfully filled its order to McIntyre with plaintiff's meat. If it had been stolen or wrongfully taken by third persons and not by the defendant bailee, it would not have been liable in trover for the conversion of the property. There would be liability for same, however, if taken by such bailee's agents for the use of defendant. Bolling v. Kirby, 90 Ala. 215, 222, 7 South. 914, 917 (24 Am. St. Rep. 789). Mr. Justice McClellan there said:

"Conversion, which will sustain trover, must be a destruction of the plaintiff's property, or some unlawful interference with his use, enjoyment, or dominion over it; an appropriation of it by the defendant to his own use, or to the use of a third person, in disregard or defiance of the owner's right; or a withholding of possession under a claim of title inconsistent with the title of the owner."

If defendant's servants carelessly, inadvertently, or wrongfully filled McIntyre's order with plaintiff's meat in defendant's storehouse (pending the negotiations for such premises), it would be such an unlawful interference with Allen & Co.'s use, enjoyment, or dominion over it and of its appropriation to defendant's use so as to be a conversion which would sustain trover. Pope & Co. v. Union Warehouse Co., 195 Ala. 309, 310, 70 South. 159.

[5] We conclude the decision of the cross-assignment of error by Jacob Dold Packing Company by saying that we have considered the evidence and it supports the finding of the trial judge, where the evidence was given ore tenus before him (Ray v. Watkins, 203 Ala. 683, 85 South. 25), and that there was no merit in the objections and exceptions reserved on the introduction of the evidence.

The judgment against Jacob Dold Packing Company is affirmed.

Affirmed on direct and cross appeal.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

═══════════════════════════════════════════

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes