LONG v. PITTMAN. (3 Div. 585.)

(Supreme Court of Alabama. Jan. 4, 1923.)

1. **Chattel mortgages** ☞178(1) — **Evidence raised issue as to payment of mortgages.**

Where mortgagor, in mortgages sought to be made basis of respective titles and right of immediate possession of property at the time of its alleged conversion, stated that a mortgage of a named date, and under which defendant claimed title, had been paid, a jury question was presented on the issue of payment.

2. **Appeal and error** ☞1056(1)—**Chattel mortgages; excluding evidence of defendant's witness as to plaintiff's promise to pay mortgagor a certain sum as affecting plaintiff's knowledge of defendant's prior mortgage held error requiring reversal.**

Where, in trover, there was a question for the jury as to whether plaintiff had notice of the existence of defendant's mortgage of January 7, 1918, before plaintiff purchased and had assigned to him a mortgage of December 19, 1918, and filed for record on December 23d, excluding evidence of defendant's bookkeeper that plaintiff had promised that he would see about making some payment to mortgagor, or something like that, was error and required reversal.

3. **Chattel mortgages** ☞178(2)—**Cause of action for conversion substantially stated in Code form held sufficient.**

To maintain trover, there must be a concurrence of the right of property, general or special, and of possession or the immediate right of possession in plaintiff at the time of conversion, and hence a complaint substantially in Code form (section 5382, No. 24), superadding by way of description that the property then converted was then in possession of mortgagor, was sufficient.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action in trover by W. H. Pittman against J. C. Long. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

Hybart & Hare, of Monroeville, for appellant.

To maintain trover, the plaintiff must have the right of property, general or special, and possession or immediate right of possession. 137 Ala. 470, 34 South. 392, 97 Am. St. Rep. 52; 159 Ala. 315, 49 South. 246; 16 Ala. App. 445, 78 South. 643; 80 South. 158. If evidence tends, in the slightest degree, to support the contention of the litigants under a relevant issue, the jury should have the benefit thereof. It was error for the court to exclude the testimony of Blackwell, as tending to show that plaintiff had notice of defendant's prior claim.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Leon G. Brooks, of Brewton, for appellee.

The testimony of Blackwell was so indefinite and unsatisfactory that it shed no light on the controversy. It was properly excluded. 130 Ala. 361, 30 South. 358.

THOMAS, J. The suit was in trover for the chattels described. The plea was not guilty, and the jury returned a verdict for plaintiff.

[1] The mortgagor, Sam Holt, in the mortgages sought to be made the basis of the respective titles and of the right of immediate possession to the property at the time of its alleged conversion, testified that the defendant's mortgage of January 7, 1918, and under which he claims title, had been paid. Thus was presented a jury question on the issue of payment. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

[2] There was error injurious to defendant in the exclusion of a portion of the evidence given by Blackwell, defendant's bookkeeper, that Pittman had promised "a certain sum amount," or that he would see about making some payment to Sam Holt, or "something like that." The fact that thereafter the court permitted the introduction of Pittman's letter stating an exact sum he would pay Sam Holt on such claim as Long held but emphasized the evidence excluded as shedding some light on the fact vel non of plaintiff's notice of the existence of defendant's mortgage before the former purchased and had assigned to him the Millsap mortgage executed December 19, 1918, and filed for record on December 23d of that year. Two separate mortgages were executed by Sam Holt to defendant Long, of date, respectively, January 7, 1918, and November 20, 1919, and that of November 22, 1918 (by Sam Holt to Merchants' & Farmers' Bank, and assigned to defendant by the bank on March 5, 1919), and on which Long sought to establish his title and immediate right of possession. Inasmuch as the plaintiff's claim rested on a mortgage (that to Millsap and assigned to him) of record antedating the last two mortgages, defendant was compelled to rely upon his mortgage of January 7, 1918, and recorded on the 18th day of said month and year, antedating the record of the Millsap mortgage. Therefore, in considering the testimony of Blackwell, while none of the questions propounded to that witness specified a conversation having particular reference to the prior mortgage of January 7, 1918, yet it was of an indebtedness of Sam Holt, and whether, with the other evidence, it was sufficient as a reasonable inference of notice at the time of the purchase of the Millsap mortgage, would have been a question for the jury. It must be conceded that the testimony of Blackwell was indefinite and uncertain and shed but little light on the controversy. We cannot say it was cumulative merely, though its effect was that witness did not remember the conversation other than that Pittman said he had promised to send Sam Holt some money; that he would see about it, or something like that, and did not remember just what satisfaction Pittman gave witness about the matter. While such testimony was of slight evidentiary effect, it was more than the impression made upon the witness in a conversation with plaintiff as to a material issue in the case, which was condemned in Larkinsville Min. Co. v. Flippo, 130 Ala. 361, 30 South. 358.

The contention of plaintiff was, assuming without admitting that he had actual notice of the mortgage of January 7, 1918, that said mortgage had been satisfied by Holt and that defendant was resting his claim thereupon; that the jury rested their verdict on the testimony of payment. On the question Holt testified to its payment in full; that the note and mortgage were in the bank; and that Blackwell, the bookkeeper for Long, stated to him that he would get same from the bank and deliver to mortgagor. Defendant's testimony was to the effect that there had not been full payment of the mortgage; though, as to this, witnesses for defendant were indefinite as to the amount paid by the mortgagor in 1918. The books were not produced or other evidence to the effect that the mortgage was not fully paid by the mortgagor, except only the general statement that a balance was due thereon. The defendant and his witnesses had power to present the specific information to the jury of payments made to Long by Holt on the mortgage and note of date January 7, 1918, which was not done. The question of a conflict in evidence being presented as to a payment vel non of this mortgage and the note or debt for which it was given as security presented a second conflict in the evidence and for jury decision. The foregoing evidence of Blackwell that was excluded should have been before the jury on these issues of fact. We are not able to say that the error was not probably injurious.

[3] The complaint was substantially in Code form (section 5382, No. 24), superadding by way of description that the property, when converted, was "then in the possession of Sam Holt, near Atmore, Ala." The complaint averred that the subject-matter of the suit was the property of the plaintiff. It is true that to maintain an action of trover there must be a concurrence of the right of property, general or special, and of possession, or the immediate right of possession, in plaintiff at the time of conversion (Pinckard v. Cassels, 195 Ala. 353, 357, 70 South. 153; Howton v. Mathias, 197 Ala. 457, 73 South. 92; Allen v. Jacob Dold Packing Co., 204 Ala. 652, 86 South. 525; Pollard v. Pollard [Ala. Sup.] 92 South. 488;[1] Butler Cotton Oil Co. v. Campbell, 16 Ala. App. 445, 78 South.

_____

[1] 207 Ala. 270.

648'); yet the Code form required that the plaintiff do no more than substantially state his cause of action in the form prescribed and this the plaintiff has done.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.