(126 So. 113)

## MAURY v. UNRUH. (1 Div. 565.)

Supreme Court of Alabama. Jan. 23, 1930.

Smith & Johnston, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

BROWN, J. This appeal is by the plaintiff for a judgment of nonsuit, superinduced by the several orders of the trial court sustaining the defendant's demurrers to the several counts of the complaint, and is authorized by section 6431 of the Code. Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112.

Count 1 as last amended, and counts 2, 3, 4, and 6, are special counts partaking of the nature of indebitatus assumpsit, to recover one-third of the purchase money for an interest in lands. The basis of these counts is a contract in writing whereby J. F. Hammel covenanted to sell and defendant to purchase "three fourths (¾) of the entire unsold portion of the Montanosa Addition to Spring Hill, consisting of an undivided one-half (½) interest in said property belonging to said Hammel and an undivided one fourth (¼) interest in said property belonging to plaintiff, at and for the sum of fifteen thousand dollars," in which it was provided that $5,000 of the purchase money was for plaintiff's interest and $10,000 for Hammel's interest. The contract stipulated that the owners were to furnish abstract of title brought down to date, defendant to pay one-fourth of the cost of same, and, when the title was approved by the purchaser, a warranty deed conveying three-fourths interest was to be made to defendant, defendant to prepare the deed at the proper time.

The first, third, and sixth counts aver that, pending the consummation of the transaction, Hammel died, leaving a last will devising his interest in the property to his nephews, who thereafter conveyed said one-half interest, "together with other property," to the defendant, and plaintiff thereupon "tendered to the defendant, in due form, a deed properly executed to the plaintiff's one fourth (¼) interest in said property, and demanded payment therefor" in accordance with the terms of the contract, but defendant refused to accept said conveyance of the plaintiff's interest in said property and to pay the agreed purchase price therefor; "that he has kept said deed for said defendant and has been ready, able and willing to deliver the same to the defendant upon the payment by the defendant to him of said agreed price," bringing the deed into court to keep the tender good.

The second and fourth counts aver the execution and tender of the deed by plaintiff as in the first, and further that "the defendant nevertheless disregarded the said contract and failed and refused to pay the plaintiff the said sum of five thousand dollars for his interest in said property."

Amended count 2 and count 5 are in assumpsit, claiming damages for breach of the contract, and, after stating the terms of the contract, further aver that "the defendant * * * caused to be prepared and tendered to the said Hammel, for execution by him and the plaintiff, a deed conveying said property to the defendant, but included in said deed other property not included by said contract, and because of the inclusion of such other property in said deed the plaintiff and said Hammel did not execute the same, and thereupon, on the 22nd day of December, 1925, the defendant notified the said Hammel that unless the deed that had been so tendered on behalf of the defendant was executed and delivered on or before twelve o'clock noon of the 24th day of December, 1925, the defendant would place the same in the hands of his attorney for action, *and thereby failed and refused to tender a proper deed*, and breached said contract to plaintiff's damage, as aforesaid." (Italics supplied.)

Count 5 further avers that "the plaintiff and said Hammel were at said time ready, able and willing to execute a proper deed to said property to defendant, and would have done so had not the defendant refused to perform his part of the contract and tender to said Hammel proper deed to said property for execution by Hammel and plaintiff."

In the absence of stipulations showing the intent of the parties to the contrary, the general rule in respect to contract for the sale of real property is that courts will construe the purchaser's agreement to pay and the seller's agreement to convey as dependent, concurrent stipulations, for the reason as expressed in some cases: "It is manifestly unjust that the purchaser should be forced to pay unless he receives in return that which he has purchased." 27 R. C. L. 454, § 168; Moss v. King et al., 186 Ala. 475, 65 So. 180; Brady v. Green, 159 Ala. 482, 48 So. 807; Bank of Columbia v. Hagner, 1 Pet. 455, 7 L. Ed. 219; Smith v. Henry, 7 Ark. 207, 44 Am. Dec. 540; Bright v. James, 35 R. I. 128, 85 A. 545, Ann. Cas. 1915B, 1099.

While the action of indebitatus assumpsit is an appropriate remedy for the recovery of the purchase money in the sale of real property, where the seller shows full performance on his part, and was regarded at common law as a concurrent remedy with the actions of debt and covenant, in a proper case it will not lie upon a dependent or conditional promise, nor will it lie as a substitute for a bill in equity to enforce specific performance. 1 Chit. Pl. 341; Saunders Pl.

& Ev. 139; 18 C. J. 18, § 12; Blevins v. Blevins, 4 Ark. 441; McLean v. Tinsley, 7 U. C. Q. B. 40; North v. Eslava, 12 Ala. 240; Hill v. Rushing & Wood, 4 Ala. 212; Jackson v. Waddill, 1 Stew. 579; 15 C. J. 1188, § 4; Prichard v. Mulhall, 127 Iowa, 545, 103 N. W. 774, 4 Ann. Cas. 789; Laird v. Price, 7 Mees & W. 474; Old Colony Railroad Corp. v. Evans, 6 Gray (Mass.) 25, 66 Am. Dec. 394; Freeman v. Paulson, 107 Minn. 64, 119 N. W. C51, 131 Am. St. Rep. 438; Colson v. Johnson's Estate, 111 Neb. 773, 197 N. W. 674, 35 A. L. R. 924; Reed v. Dougherty, 94 Ga. 661, 20 S. E. 965.

■ Another defect pointed out by the demurrers, common to all of the counts, including those claiming damages for a breach of the contract, is that they do not show that plaintiff was a party to the contract, nor that Hammel was authorized to bind the plaintiff to convey his one-fourth interest in the property. Code 1923, §. 8034, subd. 5; Allen v. Jacob Dold Packing Co., 204 Ala. 652, 86 So. 525. The pertinent averment here is that Hammel was "acting for himself and plaintiff." This averment, on demurrer, is clearly insufficient to show that Hammel was authorized to bind the plaintiff. Allen v. Jacob Dold Packing Co., supra.

■ Taking the averments as true, it is clear that the parties to the contract intended that the sale and purchase were of the three-fourths interest of the entire unsold portion of the addition, and, if it can be said, construing the averments most strongly against the pleader, that they contemplated that plaintiff should be bound, then it was essential to its finality and completeness that his assent thereto, in the manner provided by statute, be shown. Obermark v. Clark, 216 Ala. 564, 114 So. 135, 55 A. L. R. 1153.

■ As to the counts averring the death of Hammel, while it appears that the devisees under his will subsequently conveyed the half interest which passed to them under the will "along with other property," these averments, when construed most strongly against the pleader, go to show that such conveyance was not made in performance of the contract made by Hammel, which only included his half interest and plaintiff's one-fourth interest, but in performance of another contract made between defendant and Hammel's devisees. "If we allow the averment to be true, but at the same time a case may be supposed consistent with it which would render the averment inoperative * * * such a case will be presumed or intended, unless excluded by particular averments." Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95, 96.

■ Therefore, on plaintiff's tender of part performance, assuming that he was legally obligated to convey, it was a joint obligation with Hammel to convey the three-fourths interest of the entire unsold portion of the addition, and plaintiff's tender of performance by conveying his one-fourth interest was not sufficient to put the defendant in default. Moss v. King et al.; Obermark v. Clark, supra.

The averment of the breach in amended counts 2 and 5 is a mere conclusion of the pleader, not supported by the facts alleged.

■ It not appearing that plaintiff was obligated to perform, but that the obligation was that of Hammel, it cannot be said that the contract was primarily for the benefit of the plaintiff—non constat it was primarily for the benefit of Hammel. 5 Corpus Juris, 1382, § 8.

We are of opinion, therefore, that the demurrers to the several counts of the complaint were properly sustained.

Affirmed.

SAYRE, THOMAS, and FOSTER, JJ., concur.