# Nashville, Chattanooga & St. Louis Ry. v. Proctor.

*Bill to Quiet Title.*

(Decided April 15, 1909. Rehearing denied May 11, 1909.
49 South. 377.)

1. *Quieting Title; Burden of Proof.*—In a proceeding to quiet title a complainant makes out a prima facie case by showing that he is in peaceable possession, and the burden is then on respondent to show that he has some right, title or interest in the lands.

2. *Adverse Possession; Proof.*—There being no evidence as to the possession of any particular tract, or as to condemnation, purchase or use of the land, or proof that any particular width or right of way which the road might acquire was fixed by its charter, the fact that a railroad was built at a certain time did not show adverse possession.

3. *Estoppel; Definiteness; Recital and Contract.*—Since estoppels must be certain a recital in a contract that does not amount to a precise affirmation of a fact, will not estop the party to deny the fact.

4. *Vendor and Purchaser; Denial of Vendor's Title.*—One in possession of land may purchase any outstanding claim however ill founded; therefore, where the vendee is already in possession of the land, claiming it as his own, the estoppel against him to deny the title of the vendor does not apply.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by John F. Proctor as administrator against the Nashville, Chattanooga & St. Louis Railway, to quiet

OF ALABAMA.

[Nashville, Chattanooga & St. Louis Ry. v. Proctor.]

title to a certain tract of land. From a decree for complainant respondent appeals. Affirmed.

See also former report of this case found in 152 Ala. 482, 44 South. 669.

WALKER & SPRAGINS, for appellant.—When the hotel was built, the road had been in existence for eighteen years, and this was enough to raise the presumption that it had acquired the legal title to the right of way on which the hotel was constructed. The contract shows that Anderson's possession is merely permissive, and admits that his right to use and occupy the ground is determinable by the defendant upon a certain contingency, and hence, proof is not required, further than the recital of the contract.—16 Cyc. 938; 15 Ib. 131. Counsel discuss other questions but without citation of authority.

JOHN B. TALLEY, and VIRGIL BOULDIN, for appellee.— A bill is not good which fails to conform to the requirements of the statute, though it need not disclose how or in what way, the complainant became the owner of the land, but the answer must specify and set forth the title, claim, interest or encumbrance held by defendant. *Interstate B. & L. Assn. v. Stocks,* 124 Ala. 111; *Weaver v. Eaton,* 139 Ala. 249. It follows from these authorities that the answer in this case presents no issue as required by the statute, and hence, the defendant's title must be foreclosed and held for naught.—*Weaver v. Eaton, supra; Colyar v. Alexander,* 138 Ala. 245; *Kendrick v. Colyar,* 143 Ala. 600. No estoppel is shown.— *Hunter v. Murphree,* p. 6 Ala. 123; 2 Herman on Estoppel, Sec. 603 and 4.

SIMPSON, J.—The bill in this case was filed by the appellee, against the appellant, to quiet title under the statute,—Code of 1896, § 809 *et seq.*

The land in controversy is a V shaped parcel of land, lying between the tracks of the respondent company and those of the Southern Railway, at Stevenson, Alabama, whereon is a brick hotel.

The respondent offers no muniments of title, but bases its claim upon the facts that its railroad was built in 1853, and that, in 1871, complainant's intestate signed the paper which will be further alluded to hereafter.

Our decisions are clear to the point that, in this statutory proceeding, the complainant, who shows that he is in peaceable possession, makes out a *prima facie* case, and the burden rests on the respondent to show that he has some right, title or interest in the land.

It is claimed by the respondent that the evidence shows that it was in the adverse possession of the property in question, for eighteen years before the instrument was signed in 1871, which necessarily gave it the title. The trouble about this contention is, that the evidence does not show anything about the possession of this particular piece of land, during that time, but only that the road was built then. No condemnation, purchase, or use, of this land is shown, nor is it even shown that any particular width of right of way, which it could acquire, was fixed by its charter.

Under these facts, we cannot presume that respondent was in the adverse possession of this land during those years.

The principal contention of the respondent is that the instrument of writing, before mentioned, operated as an estoppel, preventing the complainant from disputing the title of the respondent.

The substance of said paper is that, in consideration of the conveyance by complainant's intestate of a half-interest in a spring, the respondent "agree and does * * * permit the said Anderson to use and occupy the

ground at present occupied by the hotel building, erected by him at Stevenson, as long as the Company may use the water from said spring."

No recital is made as to what right, title or interest respondent has in said land, and it is not shown that complainant's intestate went into possession of the land under said agreement. On the contrary, the paper shows that he did not go into possession at that time, but was already in possession and had built a hotel thereon at some previous time, to-wit, in 1871.

Estoppels must be certain, and "a recital in a contract that does not amount to a precise affirmation of a fact will not estop the party to deny the fact."—16 Cyc. 721; *Calkins v. Copley,* 13 N. W. 904; *O'Brien et al. v. Findeison,* 50 N. W. 1035.

A person who is in possession of land may purchase any outstanding claim, however ill-founded. Hence, the estoppel against a vendee, to deny the title of his vendor, does not apply where the vendee was already in possession of the land, claiming it as his own.—*Greene v. Couse,* (127 N. Y. 386), 24 Am. St. 458; 2 Herman on Estoppel & Res Judicata, § 887, p. 1010; 29 Am. & Eng. Ency. Law (2nd Ed.), p. 707; *Blight's Lessee et al. v. Rochester,* 7 Wheaton 535, 550.

Under these principles of law, we hold that the respondent has not sustained the burden which rested upon it.

The decree of the court is affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.