# Cantrell v. Cantrell.

## Bill for Specific Performance.

(Decided June 29, 1912. 59 South. 652.)

1. *Husband and Wife; Anti-Nuptial Agreement; Conveyance.*— Under § 3356, Code 1907, a conveyance reciting that the grantor gave to the grantee certain lands, in consideration of her becoming his wife at a future date, is a valid conveyance.

2. *Same; Construction.*—Under a conveyance of property, reciting that the grantor gave it to the grantee in consideration of her becoming his wife at a future date, and that if it should be sold, the proceeds should go to the grantee, there was no limit as to the time of disposition, and the grantee was entitled to hold the proceeds of the property, when sold at any time during the continuance of the marriage state.

3. *Same; Trustee; Anti-Nuptial Agreement.*—Where the prospective husband executed an anti-nuptial conveyance whereby he granted to his prospective bride, in consideration of marriage, title to all his property, resulting or constructive, should the marriage take place at the time stated, with the further provision that if the property was sold the proceeds should belong to her, and after the

18—178

[Cantrell v. Cantrell.]

marriage his property was sold and the proceeds invested in other realty, the title to which was taken jointly in the name of the husband and wife, the wife could not maintain an action for specific performance of the anti-nuptial contract, she not being a victim of fraud or coercion, the conveyance and settlement having fixed the shares of each and leaving no trust to exist in her favor.

4. *Deeds; Validity; Reservation.*—A ·valid conveyance of land is not rendered invalid because of the uncertainty of a reservation.

5. *Pleading; Demurrer; Construction.*—On demurrer the averments of pleading are construed most strongly against the pleader.

6. *Specific Performance; Pleading; Variance.*—Where an instrument was an executed conveyance, the averments of a bill, to obtain specific performance thereof, that it was an obligation to convey, did not constitute a material variance.

(Simpson and Somerville, JJ., dissent.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Jemima Cantrell against H. C. Cantrell to specifically perform. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The contract referred to is as follows: "State of Alabama, Tallapoosa County. Know all men by these presents, that I, H. C. Cantrell, of Chambers county, have this day given to Jemima Phillips my entire possessions, which is 190 acres of land and 4 mules. The valuation of the above property is $3,000. This gift is in consideration of said Jemima Phillips becoming my wife on the 28th day of April, 1901. If said marriage is solemnized, the above property is to be hers to dispose of as she sees fit, and I retain a living interest so long as we shall remain man and wife, and if said property is disposed of, the proceeds is to be said Jemima Phillips. This agreement void unless said marriage takes place. I also agree for said M. E. Phillips to hold said agreement."

The bill alleges in effect that complainant and respondent married on the 28th day of April, 1901, and lived together as man and wife since that time until

September, 1911, when, on account of certain abuses alleged in the bill, complainant was compelled to leave respondent, and has not lived with him since. The bill also alleges the lands and property in possession of respondent at the time of the execution of the instrument above set out, and sets up certain exchanges of land and personal property, describing the lands last received in exchange. The bill also sets up the making of the will and other things done in reference to the land by the respondent, which are not deemed necessary to be here set out.

BRIDGES & OLIVER, for appellant. The demurrers of the statutes of fraud are frivolous as the bill shows on its face that the conveyance was in writing and expressed the consideration.—Sec. 4289, Code 1907. Limitations begin to run from the time of the breach of the contract.—Sec. 4832, Code 1907; *Haney v. Legg,* 139 Ala. 619; *Manning v. Pippin,* 86 Ala. 357. Marriage is one of the strongest considerations in law, either to raise a use or on which to found a gift or grant.— *Andrews v. Jones,* 10 Ala. 294; *Lockwood v. Nelson,* 16 Ala. 294; 19 A. & E. Enc. of Law, 1233; 2 Parsons on Contract, 79. The fact that the contract was not to be performed until after the marriage did not render it invalid.—2 Parsons on Contract 79; *Pruitt v. Wilson,* 103 U. S. 22. An antinuptial contract is not extinguished by the subsequent marriage of the parties, but will be enforced after marriage if fairly made and expressing the intention of the parties.—10 A. & E. Enc. of Law 1227. It is sufficient that the contract be signed by the party to be charged.—*Davis v. Roberts,* 89 Ala. 402; *Troy Fert. Co. v. Logan,* 96 Ala. 619. It is sufficiently averred that complainant has an equitable interest in the lands, and that the legal title to a

half interest is in respondent, and that he holds the same in trust for complainant, giving her the right to enforce the same in equity.—*Kent v. Dean,* 128 Ala. 600. Contracts must be construed in the light of the facts and circumstances surrounding the parties when made, and of the purpose and intention of the parties. —*Mueller v. Mueller,* 127 Ala. 356; *McGehee v. Alexander,* 104 Ala. 121. The court having jurisdiction to grant relief as to the land described in the bill will take jurisdiction for all purposes.—*Highland R. Co. v. Avondale L. Co.,* 56 South. 716; *Booth v. Foster,* 112 Ala. 627. A valid conveyance is not rendered invalid by uncertainty of reservation; instead the exception falls.—*Lloyd v. Oates,* 143 Ala. 231; *Bromberg v. Smec,* 130 Ala. 601; *Pollock v. Muscogee Mfg. Co.,* 108 Ala. 467; *Frank v. Myers,* 97 Ala. 437.

N. D. DENSON, for appellee. Under section 3356, Code 1907, the agreement to convey as alleged in the bill is a complete conveyance of the lands owned by the grantor, even if the contract was susceptible of being specifically performed, the bill shows a revocation of the contract, and an agreement and settlement otherwise.—83 Miss. 393; 5 Gratt. 374. A contract must be certain and definite in all its parts before it can be specifically performed.—*Stay v. Tennille,* 159 Ala. 514; *Mitchell v. Wright,* 155 Ala. 458; 92 Md. 378; 45 Mo. 80; 82 N. Y. S. 998; 4 L. R. A. (N. S. 410; Okla. 381. If the paper writing is an obligation to convey, then there might be some grounds for the bill, but the fact remains that it is a complete conveyance, and hence, the allegations are repugnant and inconsistent with the contract set out.—*Little v. Snedicor,* 52 Ala. 167; *Tutwiler v. B. & L. Assn.,* 127 Ala. 103; *Barrett v. Central*

*Assn.*, 130 Ala. 294. No resulting trust can arise from the facts stated.—*Bracken v. Newman,* 121 Ala. 311.

SIMPSON, J.—The bill in this case was filed by the appellant, alleging the execution of the paper (set out in the statement of the case by the reporter) which the bill denominates an "obligation to convey." The bill alleges the consummation of the marriage in accordance with the terms of said instrument; that she and respondent lived together for about 10 years; that on December 6, 1906, "respondent exchanged lands with one T. J. Davis, or sold the lands" of which he was in possession and held the title at the time of their marriage, to said T. J. Davis, and with the proceeds thereof bought the S. W. 1/4 of the N. E. 1/4, the E. 1/2 of the S. E. 1/4, and 20 acres of the N. E. 1/4 of the N. W. 1/4, of section 24, township 22, range 25, in Chambers county, Ala., and that "oratrix joined with respondent in the execution of said conveyance, conveying the land first above described to said T. J. Davis," and that the land just described was conveyed by said Davis to respondent and oratrix; that respondent is now in possession of said land and of the personal property mentioned in the antenuptial paper, he and complainant having separated.

The complainant in said bill offers to allow the respondent a support and maintenance from the proceeds of said property as long as he shall live, and is willing for the court to fix such an amount as will be proper for said maintenance.

The prayers of the bill are that respondent be required to deliver possession of said property to the complainant, and for general relief.

The chancellor sustained the demurrer to the bill, stating in his decree that the contract is "so indefinite

and uncertain that it is doubtful if it could have been specifically performed at any time;" also: "It is a matter of mere speculation as to what the parties meant by 'a living interest' "; also that the fact that no time is fixed when the disposition of the property shall be made "leaves a vital matter of the contract to the construction of the court."

Under the liberal provisions of our statute (Code of 1907, § 3356), the antenuptial instrument is a conveyance of all of the property owned by the respondent to the complainant.—21 Cyc. 1245, 1259; *Pierson v. Armstrong,* 1 Iowa, 282, 63 Am. Dec. 441, 447, 448; *Ward, et al. v. Ward, et al.,* 108 Ala 278, 380, 19 South. 354; *Jackson v. Root,* 18 Johns. (N. Y. 60-78; *Evenson v. Webster,* 3 S. D. 382, 53 N. W. 747, 44 Am. St. Rep. 802, 805-807; *Harlowe v. Hudgins,* 84 Tex. 107, 19 S. W. 364, 31 Am. St. Rep. 22, and note.

If there is any uncertainty as to the meaning of the reservation of a "living interest," it would affect only the reservation, and not the validity of the conveyance. We think, however, that the expression means a right to his support.—*Loyd v. Oates,* 143 Ala. 231, 233, 234, 38 South. 1022, 111 Am. St. Rep. 39; *Bromberg v. Smee,* 130 Ala. 601, 604, 30 South. 483; *Frank, et al. v. Myers, et al.,* 97 Ala. 437, 442, 11 South. 832.

There being no limit to the time of disposition, it simply refers to any disposition that may be made at any time thereafter; and it provides very distinctly that whenever said property is disposed of the proceeds shall belong to complainant. Under this interpretation of the conveyance, the title to the property vested in the complainant, subject to the charge of the living interest in favor of her said husband, so long as they remained husband and wife; and when the property was

[Cantrell v. Cantrell.]

disposed of the proceeds became the property of the complainant.

The considertion for the property received from Davis having been the money or property of the complainant, and the title having been taken by the husband to both of them in place of the complainant alone, a trust results in favor of the wife, and she is entitled to have the legal title vested in her.—2 Devlin on Deeds, § 1161. While the specific prayer of the bill is not for this relief, yet the general prayer is sufficient to cover it.—*Mobile L. Imp. Co. v. Gass*, 142 Ala. 520-530, 39 South. 229; *Ala. Terminal, etc., Co. v. Hall & Farley, et al.*, 152 Ala. 263, 279, 44 South. 592; *Sharpe, et al. v. Miller*, 157 Ala. 299, 303, 47 South. 701. The personal property belongs to the complainant, and she is entitled to the possession of the land, subject to any right that the husband has to a "living interest," which is recognized by the bill.

For these reasons, we hold that there is equity in the bill.

The decree of the court is reversed, and a decree will be here rendered, overruling the demurrer to the bill and remanding the cause.

Reversed, rendered and remanded.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur. ANDERSON and SAYRE, JJ., dissent. DOWDELL, C. J., not sitting.

### ON APPLICATION OF REHEARING.

MAYFIELD, J.—The majority of the court, consisting of ANDERSON, McCLELLAN, and SAYRE, JJ., and the writer are of the opinion that the demurrer to the bill was well taken, and was properly sustained by the chan-

cellor, which results in the granting of the application for a rehearing, the setting aside of the judgment of reversal, and the entering here of a judgment of affirmance.

We are now of the opinion that the bill in its present shape will neither authorize the relief of specific performance specially prayed, nor warrant the declaration and enforcement of a trust, as we held on the original hearing, as is shown by the opinion of SIMPSON, J., who then wrote for the majority.

The hearing being on the demurrer to the bill, the averments, of course, must be construed most strongly against the complainant. So construing the averments, we now hold that the plain meaning thereof is that the complainant voluntarily consented to the sale or exchange of the lands, and consented to the deed of Davis' being made to her and her husband jointly, in settlement of their respective rights to the land sold or exchanged.

If these be the true facts of the case, and the averments are susceptible of this construction, then there could be no specific performance of the contract, because it was wholly executed in accordance with the agreement and understanding of the parties, and, of course, there would be no trust, either constructive or resulting. Moreover, the averments show that the legal title to the land sold or exchanged was in complainant, and that the husband at best had a mere equity; therefore the conveyance to Davis was a conveyance by the complainant, in which the husband joined merely for the purpose of perfecting the conveyance, as the statute directs shall be done in the case of a conveyance by a married woman. There is no intimation that these deeds did not correctly declare or recite the real agreement between the parties.

[Cantrell v. Cantrell.]

There is no claim or contention in the bill, as it now stands, that the complainant was overreached, deceived, or defrauded by arts or deception on the part of the respondent. In other words, there is nothing to show that complainant did not consent to and acquiesce in all that was done as to the sale or exchange of lands; nor is there any intimation that she was deceived or persuaded by undue influence to so consent to or acquiesce in what was done by the respondent and Davis.

We are of the opinion, however, that there is nothing substantial in the point raised by appellee on this rehearing as to inconsistent and repugnant averments, in that the bill averred an "obligation to convey"; whereas the exhibit referred to showed an "executed conveyance." At most, it was but a misnomer of the instrument referred to, and which was made an exhibit to the bill. The instrument set out was unquestionably the same one referred to in the averment. To hold that this mere misnomer was a material repugnancy would be drawing too fine a bead in equity procedure.

It, however, follows from what we have said that the decree of the chancellor must be affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur. SIMPSON and SOMERVILLE, JJ., dissent. DOWDELL, C. J., not sitting.