(82 South. 7)

### MORGAN v. LEWIS. (6 Div. 904.)

(Supreme Court of Alabama.   May 22, 1919.)

1. SPECIFIC PERFORMANCE &66—ENFORCEMENT BY VENDOR.

The remedy of specific performance is available to a vendor of land.

2. SPECIFIC PERFORMANCE &127(1) — DECREE.

An appropriate decree may enter requiring specific performance on the part of a vendee by a fixed time after vendor has deposited conveyance, and in case of failure of vendee it may thereupon be contingently decreed that the land be sold to satisfy vendor's demand and that execution issue against vendee to enforce payment of unpaid balance of purchase price and interest that the net proceeds of the sale fails to satisfy.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by John Lewis against W. B. Morgan. Decree for plaintiff, and defendant appeals. Affirmed.

Edgar Allen, of Birmingham, for appellant. Allen & Fisk, of Birmingham, for appellee.

McCLELLAN, J.   [1, 2] Bill by a vendor (appellee) to compel specific performance on the part of the vendee (appellant) of a complete written contract to purchase certain lands owned by the vendor.   The appellant insists here, as he did in the court below, that this remedy is not available to a vendor, and that an enforceable decree in the premises cannot be soundly contrived.   Both reason and authority confirm the correctness of the view entertained by the trial court, viz.:   That the remedy by specific performance is available to a vendor of land; that the nature of the subject-matter of the contract, real estate, invests the vendor with the right to elect either to sue at law for damages for the vendee's breach of the contract or to invoke equity to compel specific performance of the contract of purchase by the vendee; and that appropriate decree may enter requiring specific performance on the part of the vendee, by a fixed time, after the vendor has deposited in the court, for the vendee, a conveyance to him of a good title to the land; failing acceptance of the deed and payment of the purchase price and interest by the vendee, it may thereupon be contingently decreed that the land be sold to satisfy the vendor's demand, and that execution against the vendee issue to enforce the payment of the unpaid balance of the purchase price and interest that the net proceeds of the sale fail to satisfy. 6 Pom. Eq. Jur. § 747; Fry's Spec. Perf. (5th Ed.) § 72; 36 Cyc. pp. 552, 565, 566; 3 Elliott on Contracts, § 2317, p. 496.   There is no statute in this state operating to qualify or deny the vendor's remedy by specific performance in such circumstances.

The court below so concluded.   Its decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

<hr>

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes