(122 So. 435)

**CHANDLER v. BODEKER.** (6 Div. 348.)

Supreme Court of Alabama. May 16, 1929.

Mullins & Jenkins, of Birmingham, for appellee.

Thos. J. Wingfield, of Birmingham, for appellant.

BOULDIN, J. The bill is for specific performance of a contract to convey lands. The seller sues. The appeal is from a decree overruling demurrers to the bill.

The contract in writing clearly setting forth the obligations of both parties is made exhibit to the bill as part thereof.

The occasion for filing the suit appears in section 3 of the bill as follows: "Complainant further avers that although he complied with all the terms and provisions of the said contract on his part, the Respondent failed and refused to carry out and complete the said written contract on his part, declining to accept delivery of the conveyance of said real estate and to pay the Complainant the balance of the purchase price thereof, to wit: Twenty-four Hundred Dollars ($2400.00), although the Complainant did, in compliance with the terms of said written contract and prior to the filing of this bill of complaint, tender to the Respondent a Warranty Deed, conveying to him the said real estate in accordance with the terms of said written contract. And Complainant now offers to deliver to the Respondent a Warranty Deed in accordance with the terms of said written contract, conveying to the Respondent the said real estate as provided for in said written contract, and hereby offers to do equity toward the Respondent."

Some twenty grounds of demurrer were assigned. They go mainly to the generality of the averments touching performance on the part of the seller.

Want of specific averment that the abstract of title brought down to date, or a title in-

surance policy, was furnished, that a good and merchantable title was shown, that complainant had such title, that the bill is doubtful in that in the body of the bill only the ten acres are described as the subject-matter, while the exhibit shows a right of way appurtenant thereto was granted, that it is not shown the right of way was included in the deed tendered, that the name of the grantor in the deed is not given, that it is not averred the deed was made and executed, according to law, are among alleged defects insisted upon.

■ It is a declared rule that in cases of specific performance clear and definite averments of fact, not mere conclusions, are required. In some cases the general statement is made that a general allegation of performance on the part of complainant is insufficient as against demurrer. Gentry v. Rogers, 40 Ala. 442; Hart v. McClellan, 41 Ala. 251; Roquemore & Hall v. Mitchell Bros., 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52; Daniel v. Collins, 57 Ala. 625; Johnston v. Jones, 85 Ala. 287, 4 So. 748.

■ These general announcements mean no more than that the bill shall by averments of fact make certain to a common intent that a valid, enforceable contract exists, the terms thereof, and performance by complainant on his part or a sufficient excuse for nonperformance, accompanied with averments showing he is able and willing to perform, and offers so to do. Eaton v. Sadler, 215 Ala. 161, 110 So. 10; Irvin v. Irvin, 207 Ala. 493, 93 So. 517; Milton Realty Co. v. Wilson, 214 Ala. 143, 107 So. 92; Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818; Simmons v. Henderson, 207 Ala. 692, 93 So. 624; Penney v. Norton, 202 Ala. 690, 81 So. 666; Melton v. Stuart, 213 Ala. 574, 105 So. 659; Cox v. Hutto, 216 Ala. 232, 113 So. 40.

■ In this case the only condition precedent on the part of the seller was furnishing an abstract of title showing a good merchantable title, or a title insurance policy.

Other acts, such as making a proper deed, prorating taxes, rents, and insurance were to be performed contemporaneously with payment of the purchase money.

The contract in writing, part of the bill, clearly defines the duty to furnish an abstract. An averment that complainant had complied with all the terms and conditions of the contract on his part, up to the time of respondent's refusal to carry out the contract, alleges the furnishing of an abstract according to contract quite as clearly as if the terms of the contract were repeated in detail. It put on complainant the clear burden to prove such averment. The tender of a warranty deed in accordance with the contract, conveying the real estate as provided

therein, is the equivalent of tender of such deed properly executed passing a good merchantable title.

■ There is no uncertainty as to the right of way to be granted as appurtenant to the ten-acre tract. We can see no occasion for attaching a copy of the deed or repeating its terms in detail. That is proper matter of evidence. Complainant would fail in his proof unless such right of way already existed as appurtenant to the tract and passed under the deed, or was created and conveyed as part of the grant.

■ It is immaterial who was the grantor in the deed if the seller caused it to be executed conveying the title as per contract, and is able and willing to make delivery of such deed as decreed by the court. Melton v. Stuart, 213 Ala. 574, 105 So. 659.

■ An offer to do equity is to submit to the jurisdiction of the court to affix such terms and conditions to the decree of specific performance as equity shall demand. This is sufficient as to all duties incumbent upon complainant contemporaneous with or subsequent to respondent's refusal to complete the transaction. This would apply to the furnishing of an abstract if respondent made known his refusal to proceed notwithstanding a proper abstract was furnished. No useless thing is required.

The bill is sufficient. Brevity is not a fault in pleading. Highly technical and unnecessary refinement is to be discouraged. It hinders, rather than promotes, justice, and reflects unfavorably on present day jurisprudence.

That a vendor of lands may have specific performance is not questioned. A form of decree effecting such relief is outlined in Morgan v. Lewis, 203 Ala. 47, 82 So. 7.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.