18 So.2d 91

**ALABAMA BUTANE GAS CO. et al. v. TARRANT LAND CO.**

6 Div. 227.

Supreme Court of Alabama.

May 18, 1944.

Horace C. Wilkinson and Joe G. Burnett, both of Birmingham, for appellants.

J. K. Brockman and Thos. Seay, both of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal from a decree sustaining the demurrer to a cross-bill for want of equity and dismissing it. Counsel for appellee in brief to sustain the ruling declare that the case resolves itself into a question of whether or not the cross-bill seeks any new relief which could not be granted under the original bill and answer thereto. But counsel also cite authorities and argue to the effect that a tenant and one holding under him are estopped to deny the title of his landlord.

The original bill was filed by Tarrant Land Company against Alabama Butane Gas Company, a corporation, American Oil Company, a corporation, Louis Darring and Eva Darring. The substantive features of the bill are set out in the report on former appeal, wherein this Court affirmed the decree overruling demurrer to it. 244 Ala. 638, 15 So.2d 105. The bill sought to have ascertained and paid the amount due complainants as rent on account of a lease of a vacant lot to Charles Darring, then deceased; and to establish and enforce a contractual lien upon certain specified property for the payment of the rent, and for a personal judgment against the various parties, including Eva Darring, on account of their participation with Charles Darring in the use of the premises, as successors and privies in estate with him.

The cross-bill is by Eva Darring as a feature of her answer. It alleges that during the term of the lease to Charles Darring, and on January 1, 1940, she entered into a purchase agreement with complainants for said property for $2,000, and made two payments with the balance payable when complainant should make her a deed conveying a merchantable title, as shown by an abstract the seller agreed to furnish her, and delivered the possession of the property to her. That she learned later that complainant did not have the title to the property, but it was owned by the city of Tarrant City, Alabama, subject to a number of claims and encumbrances; that on October 16, 1940, she received a deed to the property from Tarrant City, and paid off the claims and encumbrances, amounting to $900, not otherwise specified. She also alleges that she owns the premises, and is in the quiet peaceable possession of the same, and no suit is pending to test her claim or title other than the instant proceeding, and that complainant has no right, title or interest in the property. She prays that she be adjudged the sole owner of the property, and that complainant has no right, title or interest in it, and for general relief.

552

As we have noted the original bill bases complainant's claims on a lease against the lessee and his privies in estate. Pan American Petroleum Corp. v. Parker, 230 Ala. 178, 160 So. 220; Johnson v. Moxley, 216 Ala. 466, 113 So. 656. One of such alleged privies is Eva Darring, the cross-complainant. The original and amended bill do not put in issue the title to the property. The only matter in it to sustain its equity, as held on former appeal, is the alleged contractual lien of the lessor of a vacant lot on certain specified personal property. Eva Darring is not estopped as the tenant of complainant, nor as the tenant's successor, to claim that pending the lease she made a contract of purchase with the lessor, and is holding under that purchase agreement. Hammond v. Blue, 132 Ala. 337, 31 So. 357. By setting up her claim of purchase, and by making statutory allegations to quiet her title, she shows matter proper for a cross-bill. Bell v. Propst, 220 Ala. 641(4), 127 So. 212; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202 (8 and 9); Sloss-S. S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272; Smith v. Rhodes, 206 Ala. 460, 90 So. 349.

If Eva Darring made the purchase agreement with complainant as alleged, her status as a licensee or assignee of complainant's lessee was changed to that of vendee of complainant. If she is estopped to make claim in respect to the title of Tarrant City and the alleged encumbrances, it is because of her status as a vendee, not because of her privity with the lessee. That status was terminated by the purchase agreement. So that the principle of estoppel is one which applies to a vendee in favor of her vendor, when the vendor delivers possession to the vendee under the contract. The cross-bill alleges such delivery of possession. It also alleges that the vendor was to make conveyance of a merchantable title. Such agreement is usually implied when not otherwise stipulated. Asbury v. Cochran, 243 Ala. 281, 9 So.2d 887(6). And when the vendee does not take possession under the contract, he is not estopped to deny the title of the vendor. Nashville, C. & St. L. Ry. Co. v.

Proctor, 160 Ala. 450, 49 So. 377. But a different rule prevails when the vendee enters possession under the contract and continues to hold the possession, though he has recognized an outstanding superior title and purchased it for value. He cannot set up that title at law or in equity in opposition to that of his vendor. Haygood v. Manley, 242 Ala. 435, 6 So.2d 887; Mizamore v. Berglin, 197 Ala. 111, 72 So. 347; Seabury v. Doe ex dem. Stewart, 22 Ala. 207, 58 Am.Dec. 254; Munford v. Pearce, 70 Ala. 452.

When the purchaser acquires such adverse title it inures to the benefit of the vendor, but the purchaser is entitled to be reimbursed for his outlay by a court of equity, provided he expended a substantial sum in acquiring it. Mizamore v. Berglin, supra; 66 Corpus Juris 1034, section 783.

The cross-bill alleges the expenditure of such a substantial sum. The cross-complainant would not be entitled to a decree adjudging her to be the owner of the lot on that account, but she would be entitled to specific performance of her contract with Tarrant Land Company, and to have credit for what was properly expended in buying an outstanding superior title. The cross-bill does not specifically so pray, but it prays for general relief. It is not precise in averment as to the encumbrances and the amount expended in acquiring the outstanding superior claims. But the decree of the court sustained the demurrer to the cross-bill as "being without equity" and dismissed it.

We think that it is not without equity, though it does not pray for the proper relief and does not set out in detail matter which should be so alleged to support the claim for credit on the purchase price, as we have stated.

The decree is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

GARDNER, C. J., and THOMAS, BROWN, LIVINGSTON, and STAKELY, JJ., concur.