19 So.2d 542

**LAUDERDALE et al. v. PEACE BAPTIST CHURCH OF BIRMINGHAM.**

6 Div. 136.

Supreme Court of Alabama.

Oct. 5, 1944.

D. G. Ewing, of Birmingham, for appellants.

Wm. E. James and James & James, all of Birmingham, for appellee.

106

SIMPSON, Justice.

Trial at nisi prius was in consolidation with the case of Lauderdale v. Peace Baptist Church, post, p. 178, 19 So.2d 538.

This appeal deals with one of the four lots (Lot 4) purchased from the State of Alabama referred to in the other case. As observed there, Dr. R. B. Maclin furnished the money to W. L. Lauderdale, now deceased but then Pastor of the Peace Baptist Church, a corporation, with which to buy the property.

Title to the lots was taken in the name of the Church, but thereafter without any authority whatsoever, the two trustees of the Church conveyed the lots to Maclin, who in turn executed a lease-sale contract on Lot 4 to the Peace Baptist Church. This lease-sale contract was executed by Maclin as party of the first part and Peace Baptist Church by said trustees, as parties of the second part. Notes evidencing the monthly amounts due to be paid by the Church were also executed in the name of the Church by the trustees.

The lease-sale contract and notes were later transferred and assigned without recourse by Maclin to W. L. Lauderdale and this proceeding is by the heirs and the personal representative of said Lauderdale, deceased, to enforce rights under the instruments.

■ This appeal challenges the action of the trial court in holding that the lease-sale contract and notes were void, and in denying relief.

The contention of appellants is that not only was the lease-sale contract valid, but moreover the lessee (Church) is in no position to challenge its validity because of the general principle that where a leasehold interest exists the relation of landlord and tenant is created so as to estop the tenant from asserting any title adverse to the landlord prior to creation of the relationship. Citing Stephens v. Stark, 232 Ala. 485, 168 So. 873, Syl. 4.

We regard this position as untenable for reasons now to be stated.

From aught appearing the conveyance to Maclin by the Church trustees was wholly unauthorized. The prescriptions of the statute that such conveyance shall be sanctioned by a resolution of the church were not complied with and apparently ignored.

The deed was a nullity. Code 1940, Title 10, § 129. Since Maclin never had title to the property, he, ex lege, could convey no title, leasehold or otherwise, and the lease-sale contract was likewise a nullity and unenforceable against the Church.

■ Nor is the argument, that the lessee-church is estopped to deny the landlord's title, sustainable for the reason that the Church did not go into possession under the said contract nor were its possessory rights subsumed thereunder. The Church had been in possession of the property when the deed and contract were executed, and from aught appearing no possessory rights as tenant were ever claimed or recognized between the parties. The Church was therefore not estopped to deny the vendor-lessor's title. Alabama Butane Gas Co. v. Tarrant Land Co., 245 Ala. 550, 18 So.2d 91, 92, Syl. 4; Nashville, Chattanooga & St. Louis Ry. v. Proctor, 160 Ala. 450, 49 So. 377.

Affirmed.

THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.