38 So.2d 5

BARKSDALE et al. v. TEMERSON et al.

6 Div. 730.

Supreme Court of Alabama.

Dec. 23, 1948.

Harvey Deramus and Josh Mullins, Jr., both of Birmingham, for appellants.

Jerome A. Cooper and Ben A. Engel, both of Birmingham, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to the bill of complaint and dismissing the bill. The allegations of the bill show the following.

On September 11, 1946, C. W. Temerson (one of the appellees) made a written contract with Ora C. Barksdale and Mary Elizabeth Nix (appellants) by which he agreed to purchase from Ora C. Barksdale and Mary Elizabeth Nix a certain lot of land in Jefferson County, Alabama. According to the agreement the price was $2,000.00, $100.00 being paid in cash and the balance of $1900.00 to be paid on closing the transaction. The contract of sale was attached to the bill of complaint and provided in part that a municipal assessment of approximately $740.00 in favor of the City of Homewood would be deducted from the purchase price on closing and the purchaser would assume payment of the assessment as of date of closing. It is alleged that at the time of making the contract the lot had been sold to the City of Homewood on account of the foregoing street improvement assessment but that the respondent C. W. Temerson knew of this at the time the contract was made. The contract further provided that the deed to the property was to be made to Mrs. Minnie R. Temerson (one of the appellees), the wife of C. W. Temerson. It is further alleged that soon after the execution of the contract an abstract of title was furnished to the attorney representing C. W. Temerson and his wife, that the attorney kept the abstract for a long period of time and finally gave his opinion the property could not be used for business purposes because of a covenant running with the land. It is further alleged that there is no such valid covenant running with the land limiting the use of the property to residential purposes only. It is further alleged that at all times complainants have been ready, willing and able to convey to the respondents a fee simple title to the property after payment of the agreed price in accordance with the written contract. It is further alleged that while the complainants have been ready, willing and able to perform the contract

on their part, the respondents refused to perform it and that a short time after the contract was entered into the respondent C. W. Temerson on October 15, 1946, paid the sum of $664.91 to the City of Homewood and got the city to make a deed to the property to Minnie R. Temerson in order to defraud complainants of title to the property and secure title thereto although he was under a binding contract to purchase the same from complainants.

It is further alleged that after C. W. Temerson failed to carry out the contract the complainants offered to rescind the contract and return the cash payment of $100.00 and pay to Temerson the amount he had paid the City of Homewood, in return for a deed conveying to the complainants all the title and interest gotten from the City of Homewood by the deed hereinabove referred to. It is alleged that the complainants are ready, willing and able to perform the contract on their part and that they are also ready, willing and able to rescind the contract on the basis above set out but that the respondents have refused to accept either offer and now claim they are entitled to hold the title to the property which they wrongfully and fraudulently acquired, as hereinabove set forth.

It is urged that the bill cannot be maintained because there is nothing to show the complainants have any title to or interest in the property and further because the bill fails to show that the respondents went into possession of the property under the contract of sale.

■■ Ordinarily it is not essential, to entitle a vendor to enforce a contract for the sale of land, that he have title when he made the contract. It is sufficient if he is able to convey good title when by the terms of the contract or the equity of the case, he is required to do so. Coleman v. First National Bank, 115 Ala. 307, 22 So. 84; Meeks v. Garner, 93 Ala. 17, 20, 8 So. 378, 11 L.R.A. 196. Furthermore a bill in equity for specific performance is a recognized method by which the vendor may enforce the contract and recover the stipulated purchase price. Maury v. Unruh, 220 Ala. 455, 126 So. 113; Morgan v.

498

Lewis, 203 Ala. 47, 82 So. 7; 55 Am.Jur. 900, 901.

■ It is true that there is nothing in the bill to show that the respondents are in possession of the property under the contract of sale. Therefore, we quite agree that the usual rule that a vendee in possession under the contract cannot acquire an outstanding title and set it up in opposition to that of his vendor, does not apply. Alabama Butane Gas Co. v. Tarrant Land Co., 245 Ala. 550, 18 So.2d 91; Nashville C. & St. L. Ry. Co. v. Proctor, 160 Ala. 450, 49 So. 377. But in the absence of an agreement to the contrary, a contract of sale of real estate implies that a good title will be made. Ashbury v. Cochran, 243 Ala. 281, 9 So.2d 887. Accordingly, since the respondent C. W. Temerson knew at the time the contract was made, that the property had been bought in by the City of Homewood under foreclosure, it can be assumed that he also knew that the property must be reacquired by the complainants either through redemption or by some arrangement with the City of Homewood in order to enable complainants to comply with their contract.

■■ In the present case it is expressly provided in the contract that the municipal assessment "will be deducted from the purchase price on closing and the purchaser hereby agrees to assume said municipal assessment as of date of closing." In the case of every contract there is an implied undertaking on the part of each party to the contract that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part. Patterson v. Meyerhofer, 204 N.Y. 96, 97 N.E. 472. While C. W. Temerson had the right to buy the property from the City of Homewood, we think that in equity and good conscience such purchase under the allegations of the bill must be regarded as made in aid of the vendors' title, and in support of the obligation of the vendors under the existing contract. Patterson v. Meyerhofer, supra; Slocomb v. Peterson, 131 Wash. 61, 229 P. 20, 40 A.L.R. 1071, 1077. This result should not be changed by the fact that the deed from the City of Homewood was to Minnie R. Temerson. Under the contract the deed was to be made to her and under the allegations of the bill, which we must assume to be true, she was but a means used by her husband to achieve his purpose. Of course, as provided in the contract, credit must be given on the purchase price for the amount paid to the City of Homewood. Alabama Butane Gas Co. v. Tarrant Land Co., supra.

In keeping with the views which we have expressed the decree of the lower court is reversed and a decree is here entered overruling the demurrer to the bill of complaint.

Reversed, rendered and remanded.

BROWN, FOSTER, LIVINGSTON and LAWSON, JJ., concur.