64 So.2d 592

**HAISTEN v. ZIGLAR.**

**4 Div. 705.**

Supreme Court of Alabama.

March 26, 1953.

John C. Walters, Troy, for appellant.

Chas. O. Stokes and Val L. McGee, Ozark, for appellee.

LAWSON, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity, as amended.

On July 15, 1950, R. P. Ziglar signed a written instrument in the form of a deed wherein he purported to sell certain timber on a 280-acre tract of land which he owned in Dale County to J. C. Haisten and W. J. Sorrell for the sum of $4,000. While in the form of a deed, this instrument was not witnessed or acknowledged as required by law. §§ 22 and 24, Title 47, Code 1940.

Haisten and Sorrell instituted this proceeding in the circuit court of Dale County, in equity, against Ziglar seeking a decree requiring Ziglar to specifically perform the said written agreement and to enjoin him from interfering with the complainants' rights to cut and remove timber.

The complainants allege that they paid the sum of $4,000 to Ziglar, who accepted the payment and then and there agreed to "execute any and all instruments necessary to convey title to the timber" to complainants. Thereupon complainants immediately began "cutting timber on the tract and did so until about August 1950, when respondent forcibly stopped them therefrom." Because of such action of the respondent, the complainants have been unable to cut all the timber "conveyed" by the written instrument. It is further averred "that the action of the Respondent are [sic] an unequivocable breach of contract; that the Complainants have suffered an irreparable injury and will continue to suffer an irreparable injury; and that a multiplicity of suits will be required if Respondent is allowed to continue his action."

In regard to the written instrument, complainants allege "that said written instrument, if not conveying legal title, which is unnecessary to maintain this equitable action, operates in this Court of equity as an agreement to convey, within itself."

The decree appealed from shows that the trial court sustained the demurrer generally without designating the ground or grounds of the demurrer which were considered to be well taken. A demurrer is a single entity and if one ground is good a decree sustaining the demurrer is correct. Ellis v. Stickney, 253 Ala. 86, 42 So. 2d 779. But there is another rule to the effect that a decree sustaining a demurrer generally is to be referred to the demurrer to the bill as a whole. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Ellis v. Stickney, supra; Patton v. Robison, 253 Ala. 248, 44 So.2d 254. See Rikard v. O'Reilly, 232 Ala. 667, 169 So. 320; Morton Hardware Co. v. Barranco, 233 Ala. 346, 172 So. 109.

Counsel for appellee in brief filed in support of the decree below treat the bill as one filed solely for the purpose of securing injunctive relief and state in brief that "there is no prayer for relief on the ground that the instrument should be held to operate as an agreement to convey." Aside from the prayer for general relief, there is a special prayer for a decree re-

quiring respondent to specifically perform the written contract. The broad equitable foundation of the bill is, in our opinion, specific performance of a written contract to convey timber.

Since the bill does seek specific performance of the written instrument and the demurrer was sustained to the bill as a whole, we need consider here only grounds of demurrer numbered 1, 2, and 16. They read as follows:

"1. There is no equity in the bill of complaint as amended;

"2. The allegations of the amended bill of complaint are insufficient to entitle complainant to a decree for specific performance as prayed for;

"16. The contract alleged to have been entered into by and between Complainants and Respondent is void for uncertainty and indefiniteness of description;"

Ground 1 is a general demurrer in statutory form which challenges the equity of the bill, and Ground 2 is but the general demurrer in different language. McNeal v. Patterson, 236 Ala. 50, 180 So. 773.

The written instrument not being witnessed or acknowledged as required by law, is ineffective to pass the legal title, as growing trees on land are a part of the realty and the same formalities are required in a deed conveying the trees as in a deed conveying the land. Davis v. Miller Brent Lumber Co., 151 Ala. 580, 44 So. 639; Smythe Lumber Co. v. Austin, 162 Ala. 110, 49 So. 875.

But it is an established equitable doctrine that an instrument in writing, intended as a conveyance of lands, wanting in some essential element to pass the legal estate—as the attestation of a subscribing witness, or an acknowledgement of execution before an officer having authority to take and certify it, or a defective acknowledgement—will be regarded as an agreement to convey, and performance of it will be enforced. Goodlett v. Hansell, 66 Ala. 151; Roney v. Moss, 74 Ala. 390; Lowery v. May, 213 Ala. 66, 104 So. 5. See Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484.

While the amended bill here under consideration is not an example of the best in pleading, it is our conclusion that in so far as it seeks specific performance of the written instrument made an exhibit to the bill, it is good in so far as challenged by grounds of demurrer 1 and 2. Chandler v. Bodeker, 219 Ala. 357, 122 So. 435.

Likewise, we do not think the 16th ground of demurrer well taken. The failure to name the county in which the timber was situated did not render the instrument void. Hawkins v. Hudson, 45 Ala. 482. It is alleged in the bill as amended that the timber is on land situated in Dale County. A description which covers all merchantable timber on home place, the Ziglar place, containing 280 acres more or less, about one-half mile from Rocky Head Road, is not void for uncertainty. Eufaula Nat. Bank v. Pruett, 128 Ala. 470, 30 So. 731. True, the instrument here under consideration does not purport to cover all of the timber. Some of the timber on the place was intended to be reserved or excepted. If there is uncertainty as to the timber reserved or excepted it does not render the instrument void for uncertainty. A valid conveyance of land is not invalidated because of the uncertainty of an exception or reservation. Bromberg v. Smee, 130 Ala. 601, 30 So. 483; Loyd v. Oates, 143 Ala. 231, 38 So. 1022; Cantrell v. Cantrell, 178 Ala. 273, 59 So. 652; Swindall v. Ford, 184 Ala. 137, 63 So. 651.

We have reached the conclusion that the trial court erred in sustaining the demurrer to the bill as a whole. The cause is reversed and a decree here rendered overruling the demurrer. The respondent is allowed thirty days from the date on which the certificate of this court reaches the register of Dale County within which to plead further.

Reversed, rendered and remanded.

STAKELY, GOODWYN and MERRILL, JJ., concur.