143 So.2d 299

Edna McANEAR

v.

Thomas J. MASSEY.

8 Div. 57.

Supreme Court of Alabama.

June 21, 1962.

Powell & Powell, Decatur, for appellant.

Merrill W. Doss, Hartselle, for appellee.

GOODWYN, Justice.

This is an appeal by the respondent from a decree of the circuit court of Morgan County, in equity, overruling her demurrer to a bill seeking specific performance of an

alleged written agreement to convey real estate. The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp.Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill in equity is not appealable.

The agreement involved is made a part of the bill as an exhibit thereto. The following portions of the agreement are pertinent to this appeal:

"This agreement, made this the 25 day of October 1956 between Miss Edna McAnear (A single Person) living in Morgan County, State of Alabama, party of the first part and Thomas J. Massey, being a resident also of Morgan County, State of Alabama, and party of the second part, Witnesseth:

"That the said, Miss Edna McAnear, for and in the consideration of the ⅓ and ¼ yearly rents for a period Five Years (5), agrees to lease the following described farm to the said Thomas J. Massey.

[Description omitted]

"It is further agreed that the said Thomas J. Massey is to have the right to operate the farm and make any improvements he sees fit and agrees to purchase the above described farm During the five year lease for the sum of $3,675.00.

"If for any reason, the Said Thomas J. Massey has not purchased the above described farm Property at the expiration of said five year lease, he shall and will quietly and peacefully surrender said premises with the improvements unto the said Miss Edna McAnear."

Of interest on this appeal are the following portions of the bill of complaint:

"2. That heretofore on to-wit: October 25, 1956, the respondent rented and leased to the complainant, by an instrument in writing, certain real estate situated in Morgan County, Alabama, for a term of five years and that in and by the terms of said lease the respondent gave the complainant the right and option to purchase said real estate at and for the sum of $3,675.00 and that a copy of said written lease containing said right and option is attached hereto, marked Exhibit 'A' and made a part hereof by reference as if fully set out herein at this point.

"3. That complainant entered into possession of the premises described in said written lease and has cultivated the farm land of said premises during the crop years 1956, 1957, 1958 and 1959 and that he has paid the respondent the rent on said premises each year in accordance with the terms of said lease except for the year 1959; that on or about the 1st day of November, 1958, complainant notified the respondent of his desire to exercise the right and option to purchase said leased premises for the sum stipulated in and by said lease and complainant then advised respondent that he was then and continuously ready, willing and able to pay respondent the said purchase price for said land; that the respondent employed Honorable Albert P. Brewer of Decatur, Alabama, to prepare a deed to complainant and Mr. Brewer submitted a copy of the proposed deed to complainant's solicitor for examination and the respondent then refused to execute and deliver said deed to complainant; that complainant, prior to planting the 1959 crop on said premises, on to-wit: February 17, 1959, filed his original bill of complaint in this cause seeking to enforce his right and option to purchase said property as aforesaid; complainant avers that if the respondent had executed and delivered title to said land to complainant when complainant requested the same on or about November 1, 1958, then complainant would not have been

due to have paid respondent rent under said lease for the crop year 1959; the complainant is ready and willing to do whatever the Court may deem equitable, just and proper in and about the 1959 rents. That the amount of the rent for said premises for the crop year 1959 is the sum of $115.66.

"4. That on or about the 1st day of November 1958, when complainant asked the respondent for a deed to said premises; he was then ready, willing and able to pay the respondent the full purchase price of said property, $3,-675.00, as provided in and by said written lease containing said option to purchase, and complainant has continuously since November 1, 1958, ready, willing and able to pay respondent said purchase price of said premises and that on November 1, 1958, complainant was then in possession of said leased premises and said written lease containing said option to purchase had theretofore been executed and delivered to complainant, and complainant had fully performed and complied with the terms, stipulations and agreements therein contained on his part and the respondent, then and continuously since said date, refused and now refuses to deliver title to said premises to complainant, although complainant has continuously since on or about November 1, 1958, and is now ready, willing and able to pay respondent the purchase price of said property as provided in said written lease containing said option to purchase."

The position taken by appellant is thus stated in her brief, viz.:

"* * * We have here a bill of complaint in which it is alleged that the parties entered into a written agreement whereby the complainant agreed to pay the respondent one-fourth and one-third rental of the real estate in question for a period of five years and in consideration of that the respondent agreed to sell the land to the complainant for $3,675.00; the complainant then alleges in the same bill of complaint that he has complied partially, but not fully, in other words, the complainant alleges that he has paid one-third and one-fourth rental for a period of three years but that he has withheld and is withholding the rental for the year 1959 from the respondent. The appellant takes the position * * * that the complainant is obligated to perform and comply with the contract before he is entitled to maintain a suit for specific performance as here. * * *"

We cannot agree that non-payment of the 1959 rent renders the bill subject to the grounds of demurrer raising the point insisted on.

■ The rule is that a bill for specific performance should show "performance by complainant on his part or a sufficient excuse for nonperformance." Chandler v. Bodeker, 219 Ala. 357, 359, 122 So. 435, 436. We think the bill shows a good and sufficient reason for not having paid the 1959 rent.

■ The agreement is in form a lease for five years, but it also gives to appellee the right to purchase the land during that term. Accordingly, if purchased prior to expiration of the term there would be no obligation on appellee to pay rent for any year of the term remaining after the purchase. According to the allegations of the bill, when appellee offered to perform the contract on his part the 1959 rent was not due. So, there being no obligation on appellee to pay such rent at that time, the failure to pay it does not constitute a nonperformance of the agreement on the part of appellee. In this connection, it is to be noted that the bill alleges that appellee "is ready and willing to do whatever the Court may deem equitable, just and proper about the 1959 rents." From Chandler v. Bodeker, supra, is the following apt principle, viz:

**544**

"An offer to do equity is to submit to the jurisdiction of the court to affix such terms and conditions to the decree of specific performance as equity shall demand. This is sufficient as to all duties incumbent upon complainant *contemporaneous with or subsequent to respondent's refusal to complete the transaction.* * * *" [Emphasis supplied.]

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN. JJ., concur.